[No. 14406.    Department One. — September 28, 1891.]

## CHARLES BOHNERT, APPELLANT, *v.* JOSEPHINE BOHNERT, RESPONDENT.

ALIMONY — POWER OF TRIAL COURT — PENDENCY OF APPEAL. — Under section 137 of the Civil Code, the power of the trial court to make an allowance to the wife for her support as alimony, or for the purpose of defending or prosecuting an action for divorce, is not exhausted upon the rendition of the judgment, but may be exercised at any time during the pendency of an appeal.

ID. — DISCRETION. — The granting of alimony *pendente lite* is a matter resting in the sound discretion of the court, and the order granting it will not be disturbed, where no abuse of discretion appears.

ID. — ALLOWANCE FOR SUPPORT PENDING APPEAL — COSTS — ATTORNEYS' FEES FOR APPEAL. — In an action by a husband for a divorce from his wife, in which she desires in good faith to appeal from a judgment rendered against her, the trial court may order that the husband pay into court an allowance to her for support pending the appeal, and for the costs of appeal and of the trial court, and also a certain other sum as attorneys' fees for the services of her attorneys upon appeal, to be paid to the said attorneys when the transcript should be ready for filing in the appellate court; and said order for payment of attorneys' fees into court is not void as being a direct judgment for money in favor of persons not parties to the suit.

ID. — WITNESS FEES — RETENTION BY CLERK. — The fact that the court ordered the clerk to retain in his possession until further order the amount ordered to be paid by the plaintiff to the clerk for witness fees cannot be objected to by the plaintiff, as he is not injured thereby.

APPEAL from an order of the Superior Court of Siskiyou County directing the payment of alimony, and from an order directing the payment of costs.

The facts are stated in the opinion of the court.

*John V. Brown*, and *James F. Farraher*, for Appellant.

The granting of alimony pending appeal was an abuse of discretion. (Browne on Divorce, 310; *Whitmore* v. *Whitmore*, 49 Mich. 417; *McFarland* v. *McFarland*, 51 Iowa, 565.) As the offense for which the divorce was granted was that of the wife, and there was no community property, the portion of the order allowing her a sum for personal maintenance is void. (*Everett* v. *Everett*, 52 Cal. 383.) The portion of the order directing the husband to pay the wife's attorneys three hundred dollars is void as being a judgment in favor of the attorneys. (*Sharon* v. *Sharon*, 75 Cal. 37–39.) The whole of the order for alimony is void, as the order directs the money to be paid into court. The only order the court can make is to direct it to be paid to the wife. (Civ. Code, sec. 137; *Sharon* v. *Sharon*, 75 Cal. 37–39.) The order to pay defendant's costs is also void, for the reasons last specified. The court, in this order, also directs the money to be paid to the clerk of the court. (*Sharon* v. *Sharon*, 75 Cal. 37–39.) The order for the payment of defendant's costs is also void, because made subsequent to the entry of judgment. After judgment, in an action for a divorce, neither party has any claim upon the other, except such as has been given in the judgment itself. (Browne on Divorce, 306.)

*Gillis & Tapscott*, and *H. B. Warren*, for Respondent.

An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless

the judgment is sooner satisfied. (Code Civ. Proc., sec. 1049.) When an action for divorce is pending, the court may, in its discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action. (Civ. Code, sec. 137.) The lower court, in exercising a sound discretion, has decided that the appeal has merit; and this being true, respondent's position, that facts must be stated showing merit in the appeal, is invulnerable. (*Ex parte Winter*, 70 Cal. 291; *Larkin* v. *Larkin*, 71 Cal. 330; *Painter* v. *Estate of Painter*, 78 Cal. 628.) That portion of the order granting respondent maintenance is valid, and authorized by statute. (*Lowell* v. *Lowell*, 55 Cal. 319, 320; *Finn* v. *Spagnoli*, 67 Cal. 331, 332; *Tregambo* v. *Comanche M. & M. Co.*, 57 Cal. 501; *Ex parte Spencer*, 83 Cal. 464.) That portion of the order relating to attorneys' fees is not void, but comes squarely under the decision of *Robinson* v. *Robinson*, 79 Cal. 511.

GAROUTTE, J. — This is an appeal from two certain orders made after judgment for plaintiff in an action of divorce based upon the adultery of the defendant.

Upon a showing by the affidavit of defendant that she desired in good faith to appeal to the supreme court from the judgment rendered against her in the aforesaid action; that she was advised by the attorneys who appeared for her at the trial in the lower court that she has good grounds for appeal; that she has no attorneys to prosecute such appeal, and no means to retain such attorneys; that she has no funds from which to pay the costs and expenses of such appeal, and has no means for her personal support during the pendency of such appeal, etc., — the court made an order that the plaintiff pay into court the following sums, to wit: " The sum of $87.80, to be paid out forthwith, as expenses for transcribing the testimony on the part of the defendant, already incurred; the sum of $75 as incidental expenses in perfecting said appeal, including clerk's fees and expense of printing transcript herein, and filing the same with the clerk of

the supreme court; and the sum of $300, attorneys'
fees for preparing said cause for appeal, and arguing
the same in the supreme court, to be paid said attorneys
when the transcript in the said cause is ready for filing
with the clerk of the supreme court; and that plaintiff
pay alimony to the said defendant, the sum of $20 per
month, from the date of the judgment herein during the
pendency of the appeal." The court also made an order
that "the plaintiff pay to the clerk of said court the
amount of $269.90, to be by said clerk retained, and to
await further action herein." The foregoing was the
amount of defendant's costs, incurred in the trial of
the cause as settled by the court. Plaintiff appeals from
the foregoing orders.

Section 137 of the Civil Code provides that "when
an action for divorce is pending, the court may, in its
discretion, require the husband to pay, as alimony, any
money necessary to enable the wife to support herself
or her children, or to prosecute or defend the action."
Section 1049 of the Code of Civil Procedure provides:
"An action is deemed to be pending from the time of
its commencement until its final determination upon
appeal, or until the time for appeal has passed, unless the
judgment is sooner satisfied."

As to the granting of alimony *pendente lite*, that is a
matter resting in the sound discretion of the court, and
this record discloses nothing to justify us in disturbing
that discretion as exercised by the trial court in this
cause. Under section 137 of the Civil Code, the power to
make an allowance to the wife for her support as alimony,
or an allowance to her for the purpose of defending or
prosecuting the action, is not exhausted upon the rendi-
tion of the judgment in the trial court. (*Reilly* v. *Reilly*,
60 Cal. 624; *Ex parte Winter*, 70 Cal. 291; *Larkin* v. *Lar-
kin*, 71 Cal. 330.) The case of *Everett* v. *Everett*, 52 Cal.
384, is not in conflict with the foregoing authorities.
In that case the order was made under another section
of the Civil Code, and was made after final judgment,
and was in no sense an order for alimony made *pendente*

*lite.* The order to pay the amount of the attorneys' fees into court is not void, under the authority of *Sharon* v. *Sharon*, 75 Cal. 37; for it is not "a direct judgment for money in favor of persons not parties to the suit." (See *Robinson* v. *Robinson*, 79 Cal. 511.)

The fact that the court ordered the clerk to retain in his possession until further order the amount ordered to be paid by plaintiff for witness fees affords no grounds of complaint by plaintiff, for he is not injured by that portion of the order.

Let the orders be affirmed.

HARRISON, J., and PATERSON, J., concurred.

Hearing in Bank denied.