[S. F. No. 15657. In Bank.—May 21, 1936.]

JOHN PHILLIPS, as Chairman of the Assembly Committee on Agricultural Marketing, et al., Petitioners, v. RAY L. RILEY, as Controller, etc., Respondent.

Knight, Boland & Riordan for Petitioners.

W. P. Rich, Fred B. Wood, Charles W. Lyon, Ralph E. Swing and Swing & Swing, as *Amici Curiae* on Behalf of Petitioners.

U. S. Webb, Attorney-General, Robert W. Harrison, Chief Deputy Attorney-General, and Ralph O. Marron, Deputy Attorney-General, for Respondent.

WASTE, C. J.—The petitioner John Phillips, as Chairman of the Interim Committee appointed to investigate problems connected with the marketing of agricultural products, known as the "Assembly Committee on Agricultural Marketing", and others are here seeking a writ of mandate to compel the respondent Controller of State to draw, execute and deliver warrants for the payment of claims for services incurred by the special committee of the state legislature appointed to investigate the problems connected with the proper marketing of agricultural products of the state. The due appointment of the committee by joint action of both houses of the legislature is not challenged, nor is it charged that the committee has not full power and sufficient authority to carry out the letter and spirit of the resolutions creating it. In the interim between the close of the legislative session of 1935 and the convening of the session of 1937, the committee is pursuing the required investigations and studies necessary for the proper discharge of its duties. In the performance of these duties, the committee has incurred certain expenses deemed by it to be necessary and proper, and reasonable in amount. The respondent refuses to draw warrants for the amount of the claims for the sole reason, that in his view, to do so would violate the provisions of section 23a of article IV of the state Constitution.

That section does not, in our opinion, apply to these claims. So far as here material, it reads as follows: "The Legislature may provide for additional help; but in no case shall the total expense for officers, employees and attaches exceed the sum of three hundred dollars per day for either House, at any regular or biennial session, nor the sum of two hundred dollars per day for both Houses at any special or extraordinary session, nor shall the pay of any officer, employee or attache be increased after he is elected or appointed."

We concur in an opinion but recently rendered by the attorney-general in advising a member of the state senate on the precise question raised by this petition for the writ of mandate. We quote: "Section 23a of article IV, in our opinion, relates only to officers, employees or attaches of the legislature engaged in work in connection with the legislative session proper, including post-session services, but does not prohibit the employment by interim committees of such addi-

tional help as may be found necessary, provided that the entire expense of such committee does not exceed the amount of money set apart to it by the resolution creating it. Any other construction of that section, it seems to us, would, as a practical matter, render the work and studies of any such committee inadequate. In extensive investigations and studies phonographic reporters' services, for example, might be indispensable if the committee is to function with a proper degree of usefulness and efficiency.'' Any attempt to erect the section as a bar to recovery on the claims now before the court, or similar demands reasonable in amount, and shown to be necessary, is to apply a forced and unnecessary construction on plain and unambiguous language. We are not unmindful of the language used by the District Court of Appeal in *Hilborn* v. *Nye,* 15 Cal. App. 298 [114 Pac. 801], and relied on with some assurance by respondent. The factual set-up there and here are vitally different. The claims there considered were for services rendered by duly appointed ''officers, employees and attaches'' of the legislature in closing up the work of the *regular* session. Further than to hold that such claims fall within the constitutional limit, the holding in the decision is mere *dicta.*

Let a writ of mandate issue as prayed for.

Shenk, J., Curtis, J., Langdon, J., and Thompson, J., concurred.