McCOY, J. pro tem.
 
 *
 

 This proceeding arises out of a divorce action in the respondent court in which petitioner is the defendant. The plaintiff in that action, the real party in interest here, obtained an interlocutory judgment of divorce from petitioner in May 1958. That judgment, which became final in May 1959, was modified in March 1962 and again in December 1965, insofar as it provided for the payment of alimony. In January 1967 plaintiff obtained an order requiring petitioner to show cause why the provisions of the December 1965 order should not be modified so as to provide for the further payment of alimony. The petitioner here seeks a writ of prohibition to restrain the respondent court from taking any further proceedings based on the order to show cause, claiming that the trial court has no jurisdiction to do so by reason of section 139.7 of the Civil Code. The question posed by petitioner as to the effect of that section appears to be one of first impression.
 

 The facts are undisputed. The interlocutory judgment entered May 7, 1958, ordered defendant to pay plaintiff $600 per month as alimony commencing May 1, 1958. The judgment is silent as to the continuing jurisdiction of the court to modify the award. In March 1962 on defendant’s motion the interlocutory judgment was modified and he was ordered to pay plaintiff $485 per month as alimony commencing April 1, 1962. At the same time plaintiff’s motion for an increase in the alimony payments to $1,000 per month was denied. Again, the order is silent as to continuing jurisdiction to modify.
 

 On December 30. 1965, on the husband’s order to show cause the court modified the prior support order as follows: “Defendant is ordered to pay to plaintiff for her support and maintenance for 12 months $250.00 a month commencing January 1, 1966, and continuing for 11 months thereafter at which time alimony shall terminate.” The husband full;complied with the provisions of this order.
 

 There is no doubt that when the court made its order of December 30, 1965, the court had the power to modify the
 
 *707
 
 prior support order of March 12, 1962, and to provide that plaintiff’s right to alimony should terminate with the payment to be made December 1, 1966. As amended in 1951, section 139 of the Civil Code provides that in any interlocutory or final decree of divorce, or in any final judgment or decree in an action for separate maintenance, the court may compel the party against whom the decree is granted ‘ ‘ to make such suitable allowance for support and maintenance of the other party for his or her life, or for such shorter period as the court may deem just, having regard for the circumstances of the respective parties, . . . That portion of the decree or judgment making any such allowance or allowances, . . . may be modified or revoked at any time at the discretion of the court except as to any amount that may have accrued prior to the order of modification or revocation.” The provisions of section 139 enter into every decree which provides for the payment of support of either party.
 
 (Soule
 
 v.
 
 Soule,
 
 4 Cal.App. 97, 100 [87 P. 205].) Such a decree may thereafter be modified by the trial court on a proper showing therefor whether or not a power of modification is expressly reserved in the decree.
 
 (Soule
 
 v.
 
 Soule, supra; Verdier
 
 v.
 
 Verdier,
 
 36 Cal.2d 241, 247 [223 P.2d 214].) “The authority of the court to modify its decree [with respect to alimony payments] does not depend on any purported reservation nor, conversely, may the court divest itself of such authority for the authority is conferred by virtue of statute, Civil Code, section 139.”
 
 (Mason
 
 v.
 
 Mason,
 
 186 Cal.App.2d 209, 216 [8 Cal.Rptr. 784].)
 

 On January 13, 1967, the wife obtained an order requiring defendant to show cause why he should not be required to pay plaintiff $600 per month as alimony in the future. The husband moved to dismiss this order to show cause on the ground that the court no longer has any power or jurisdiction to grant the relief sought. On March 13,1967, the court denied the motion to dismiss. After the order to show cause was set for hearing on July 11, 1967, the husband filed his petition for a writ of prohibition now before us.
 

 Section 139.7, Civil Code, added in 1965, reads: “An order for payment of an allowance for the support of one of the parties pursuant to section 139 shall terminate at the end of the period specified in the order and shall not be extended unless the court in its original order retains jurisdiction.” This section was in effect when the court made its order of December 30, 1965.
 

 
 *708
 
 The husband contends that since the court, in its order of December 30,1965, expressly provided that the wife’s right to alimony should terminate with the payments to be made under that order, the last of which was for the month of December 1966, and that since the court did not expressly retain jurisdiction in that order, it had no power to modify it pursuant to an application for modification filed after the expiration of the period. (See
 
 Schraier
 
 v.
 
 Schraier,
 
 163 Cal.App.2d 587 [329 P.2d 544].) The wife contends that section 139.7 of the Civil Code modifies previous law by expanding the jurisdiction of the court to extend alimony allowed for a limited period even if the application for such modification is filed after the period has expired if there is a reservation of jurisdiction in the “original order.” She necessarily also argues that the original order is the 1958 interlocutory judgment in which jurisdiction was retained by implication of law.
 
 [1]
 

 We are thus required to determine the meaning of the phrase “original order” as used in section 139.7. In our opinion that phrase refers to the latest order in point of time in which the court has made an allowance for the support of either party. That order may be the interlocutory judgment or, as here, may be an order modifying an earlier order for the payment of alimony under the provisions of section 139 of the Civil Code. As we see it, the Legislature intended to provide that the obligation of one party to pay for the support of the other party pursuant to section 139 shall terminate at the end of the period specified in the latest order and shall not be extended unless the court in
 
 that
 
 order expressly retains jurisdiction.
 

 In reaching this conclusion we follow the general rule that “Legislative records may be looked into to determine legislative intention.” (45 Cal.Jur.2d, Statutes, § 168, p. 670.) Those records show that, when Assembly Bill 226 was introduced in the 1965 regular session, it was accompanied by a digest of the bill, prepared and attached thereto by the Legislative Counsel. This digest, which is printed on the bill, reads: “AB 226, as introduced Willson (Bis). Termination of
 
 *709
 
 alimony payments. Adds Sec. 139.7, Civ. C. Provides that alimony payments shall terminate as provided in
 
 the order
 
 for support of the party unless
 
 that order
 
 provides for their extension.” (Italics ours.)
 

 The digest of the Legislative Counsel was prepared and printed on the bill by which section 139.7 was adopted by reason of rule 8.5 of the Joint Rules of the Senate and Assembly in effect during the 1965 session (Senate Con. Res. No. 1, Res. Ch. 61.) That rule reads in part: “8.5. No bill shall be introduced unless it is contained in a cover attached by the Legislative Counsel . . . , showing the changes in the existing law which are proposed by the bill. . . . The digest shall be printed on the bill as introduced in distinctive type upon the lower part of the first page thereof. ...” It has long been the rule that ‘1 Statements in legislative committee reports concerning the statutory objects and purposes, which are in accord with a reasonable interpretation of the statute, will be followed by the courts. And it will be presumed that the Legislature adopted the proposed legislation with the intent and meaning expressed in committee reports.” (45 Cal.Jur.2d, Statutes, § 168, p. 670.) Since the Legislative Counsel is a state official (Gov. Code, § 10200), who is required by law to “give such consideration to and service concerning any measure before the Legislature as circumstances will permit, and which is in any way requested by . . . the Senate or Assembly, ...” (Gov. Code § 10234), it would seem by analogy that it is reasonable to presume that the Legislature adopted section 139.7 of the Civil Code with the intent and meaning expressed in his digest of the bill.
 
 [2]
 

 Our interpretation of section 139.7 is further borne out by the record before us. The order to show cause before the respondent court did not seek a modification of what she now claims to be the “original order,” that is, the interlocutory judgment, but rather of the order of December 30, 1965, which was the second order modifying the provisions for the
 
 *710
 
 payment of alimony. (See Pet., Ex. 5.) By that order, which was made pursuant to section 139 of the Civil Code, the court required petitioner to make further payments of alimony for the twelve months commencing January 1, 1966, “at which time alimony shall terminate,’’ and did not retain any jurisdiction to make any further award of alimony. The order requiring petitioner to show cause why he should not be required to make additional payments was not issued until January 13,1967. In these circumstances, by reason of section 139.7 of the Civil Code, the court has no jurisdiction to extend the allowance for the support of plaintiff beyond December 31,1966.
 
 [3]
 

 Let a peremptory writ of prohibition issue as prayed.
 

 Kaus, P. J., and Hufstedler, J., concurred.
 

 *
 

 Assigned by the chairman of the Judicial Council.
 

 [1]
 

 Her argument is that because the court retained jurisdiction to modify or revoke the original award of alimony as provided in the interlocutory decree by virtue of section 139.7 of the Civil Code "which enables the court to extend the period of payments if it retains jurisdiction in the original order, it was unnecessary for the court to specifically retain jurisdiction to modify in its order of December 30, 1965, since it already had retained jurisdiction in its original order.
 
 ’ ’
 

 [2]
 

 See, also, Review of Selected 1965 Code Legislation, (Continuing Education of the Bar), page 39: ‘1 Formerly, the court had jurisdiction to extend the period of payment of alimony if the prevailing party petitioned for extension before expiration of the period stated in the interlocutory judgment; if the petition was filed after the expiration of the period, the court had no power to order further alimony. See
 
 Simpson
 
 v.
 
 Simpson
 
 (1955) 134 CA2d 219, 285 P2d 313; 2 California Family Lawyer §§ 30.138, 30.141 (Cal CEB 1963). New § 139.7 reverses the trend of ease law. Under the section the court cannot extend an order for support initially limited in duration, unless the court has retained jurisdiction in its original order. ’ ’
 

 [3]
 

 In
 
 Russell
 
 v.
 
 Superior Court,
 
 252 Cal.App.2d 1 [59 Cal.Rptr. 891], the court concluded that the trial court was correct in its decision that it had “reserved jurisdiction and that power remained to consider the wife’s petition made seven months after alimony payments fixed in the decree had stopped, ’ ’ and that the decision of the Court of Appeal in the proceeding for a writ of prohibition was unaffected by section 139.7 of the Civil Code which took effect after the trial of the case. In that case the parties had stipulated that the court was to reserve power by the interlocutory decree to modify the provisions of that decree with respect to alimony upon the entry of the final decree.