[Civ. No. 8746. Fourth Dist., Div. One. Nov. 16, 1967.]

RUTH A. LASSITER, Plaintiff and Respondent, v. NORMAN E. LASSITER, Defendant and Appellant.

Adolph Zuber for Defendant and Appellant.

Johnson & Midlam and Kevin Midlam for Plaintiff and Respondent.

BROWN, (Gerald), P. J.—Defendant Norman E. Lassiter appeals from an order modifying support provisions in a December 1961 interlocutory judgment of divorce. The divorce judgment details an eight-year declining scale of support payments, states defendant's support obligation shall terminate in eight years, and declares ". . . the parties intend that the provisions for plaintiff's support shall be modifiable. . . ." The trial court's modification, within the eight-year period, extended defendant's obligation to pay support beyond the eight-year period. Although defendant contests the trial court's power to do this, it is authorized. (*Schraier* v. *Schraier*, 163 Cal.App.2d 587 [329 P.2d 554], *Simpson* v. *Simpson*, 134 Cal.App.2d 219 [285 P.2d 313], and *Bechtel* v. *Bechtel*, 124 Cal.App. 617 [12 P.2d 970].)

▮ Defendant contends Civil Code, section 139.7, enacted in 1965, governs the 1961 interlocutory judgment. Section 139.7 requires the trial court to retain jurisdiction in its original order if it is to extend support beyond the termination date

stated in the order. Assuming without deciding that section 139.7 governs, the trial court's interlocutory judgment declaration that the support provisions shall be modifiable is a retention of jurisdiction. If section 139.7 is not controlling, Civil Code, section 139, before the enactment of section 139.7, declared support provisions are modifiable without requiring the divorce decree to declare a retention of jurisdiction.

Order affirmed.

Coughlin, J., and Whelan, J., concurred.