[Civ. No. 9161.    Fourth Dist., Div. One.    Apr. 21, 1969.]

DOROTHY B. DAHLSTET, Plaintiff and Respondent, v. JOHN P. DAHLSTET, Defendant and Appellant.

Ashley, Brady & Cerniglia and John A. Brady for Defendant and Appellant.

Seltzer, Caplan, Wilkins & McMahon, Gerald L. McMahon and Reg A. Vitek for Plaintiff and Respondent.

WHELAN, J.—Defendant John P. Dahlstet appeals from an order granting plaintiff Dorothy B. Dahlstet's motion to modify, and modifying a judgment of divorce.

### HISTORY OF THE ACTION

An interlocutory decree of divorce granted both parties and entered December 19, 1963, contained the following provision: "IT IS FURTHER ADJUDGED AND DECREED that the defendant pay to the plaintiff for her support and maintenance the sum of Two Hundred Fifty ($250.00) Dollars per month for a period of four years from the date of this interlocutory Judgment of Divorce."

The decree also provided for support for the two minor children of the Dahlstets.

On April 6, 1964, plaintiff filed a motion to obtain a modification of the interlocutory divorce decree seeking an increase in both child support and alimony payments. The motion was denied.

On January 27, 1965, the final judgment of divorce was entered confirming the provisions of the interlocutory decree.

On July 6, 1966, plaintiff filed a motion for a modification to increase her alimony payments. The decree was modified in an order dated August 19, 1966, in which plaintiff was awarded $400 per month alimony commencing September 1, 1966.

On November 9, 1967, plaintiff again filed a motion to obtain a modification of the divorce decree seeking an increase in alimony payments to continue until her remarriage or death. The increase in alimony was denied but the existing payments of $400 per month were extended "until further order of the court" by an order dated January 2, 1968. But for that order, plaintiff's alimony would have ceased forever on December 19, 1967.

## CONTENTION ON APPEAL

Defendant contends that Civil Code, section 139.7, deprived the court below of power to modify the judgment of divorce to extend alimony payments beyond the four-year limit specified in the interlocutory decree.

On September 17, 1965, Civil Code, section 139.7, became law, which states: "An order for payment of an allowance for the support of one of the parties pursuant to Section 139 shall terminate at the end of the period specified in the order and shall not be extended unless the court in its original order retains jurisdiction."

Defendant contends that section 139.7 is retrospective in the sense that alimony payments under a decree made prior to the effective date of section 139.7, in which a date for termination of alimony later than that effective date is fixed, may not be extended after such effective date; and that the court accordingly is without power to extend the duration of alimony payments.

## DISCUSSION

Civil Code, section 139, states in pertinent part:

". . . [T]he court may compel the party against whom the decree or judgment is granted to make such suitable allowance for support and maintenance of the other party for his or her life, or for such shorter period as the court may deem just, having regard for the circumstances of the respective parties . . .

"That portion of the decree or judgment making any such allowance or allowances, and the order or orders of the court to enforce the same . . . may be modified or revoked at any time at the discretion of the court except as to any amount

that may have accrued prior to the order of modification or revocation."

Alimony payments limited in duration by the original decree have been extended when the petition for such extension is filed before the expiration of the period stated in the decree. (*Simpson* v. *Simpson,* 134 Cal.App.2d 219, 224 [285 P.2d 313]; *Schraier* v. *Schraier,* 163 Cal.App.2d 587, 589 [329 P.2d 544]; *Reichardt* v. *Reichardt,* 186 Cal.App.2d 808, 812 [9 Cal.Rptr. 225].)

In the instant case, the four-year period mentioned in the interlocutory decree expired on December 19, 1967. The motion to extend the duration of the payments was filed November 9, 1967, thereby coming within the rule of the cases cited above which would allow the modification as made unless section 139.7 has operated to deprive the court of a jurisdiction it possessed from the time of entry of the interlocutory decree.

## RETROACTIVITY

Civil Code, section 3, states that no part of the Civil Code is retrospective "unless expressly so declared." The Code of Civil Procedure and Penal Code have identical provisions. In *Whitmire* v. *H. K. Ferguson Co.,* 261 Cal.App.2d 594 [68 Cal.Rptr. 78], the court discussed the retroactivity of Civil Code, section 2782, which prevents an indemnitee in certain situations from indemnifying himself from loss arising out of his sole negligence. The court stated, at page 602: "Well established is the law that a statute is presumed to be prospective only in operation and will not be retroactively applied until such intention clearly appears from the language of the statute itself [citations]. This is true even though the statute were to be held to be remedial in nature [citation], which we do not so hold." Section 2782 specifically stated that such contracts of indemnity were "against public policy . . . void and unenforceable." With reference to that the court stated: "If a contract conforms to the public policy of the state when made, a subsequent change in public policy will not nullify the contract [citation]." (*Whitmire* v. *H. K. Ferguson Co.,* 261 Cal.App.2d 594, 602 [68 Cal.Rptr. 78].) The court concluded the section was not retroactive.

There are three decisions that mention section 139.7: *Russell* v. *Superior Court,* 252 Cal.App.2d 1 [59 Cal.Rptr. 891]; *Maben* v. *Superior Court,* 255 Cal.App.2d 708 [63 Cal.Rptr. 439]; *Lassiter* v. *Lassiter,* 256 Cal.App.2d 81 [63 Cal.Rptr.

676]. In *Russell,* the court treated the section in a footnote and noted, ''The new section took effect after trial of this case. Its applicability is debated by the parties. Our discussion and decision, however, are unaffected by the change in the law.'' (*Russell,* fn. 2.)

In *Lassiter,* the defendant contended that section 139.7 should govern a 1961 interlocutory decree. This court found it unnecessary to pass upon that contention, but held the 1961 decree contained express language to retain jurisdiction for alimony modification satisfying the requirement of section 139.7 if it were assumed applicable.

*Maben* v. *Superior Court, supra,* 255 Cal.App.2d 708, is cited by defendant as holding that the words ''original order'' in section 139.7 mean the latest order in point of time in which the court has made an allowance for the support of either party. The *Maben* decision does indeed say that at page 712. Unfortunately for the authority of the case on that point, the meaning of section 139.7 was immaterial to the decision. In *Maben,* the court had made an order on December 30, 1965, that the husband pay a certain sum for 12 months commencing with a payment on January 1, 1966 and continuing for 11 months thereafter ''at which time the alimony shall terminate.'' The order contained no language of reservation of jurisdiction. On January 13, 1967, after the expiration of the period for the payment of alimony, the wife moved for an order that the husband pay alimony in the future.

It is clear that in those circumstances even before the enactment of section 139.7 the trial court was without jurisdiction to order further alimony. (*Long* v. *Long,* 17 Cal.2d 409, 410 [110 P.2d 383]; *Tolle* v. *Superior Court,* 10 Cal.2d 95 [73 P.2d 607].)

The *Maben* decision cannot be considered as binding authority as to the interpretation of section 139.7. (*Simmons* v. *Superior Court,* 52 Cal.2d 373, 378 [341 P.2d 13]; *Phillips* v. *Riley,* 6 Cal.2d 414, 416 [57 P.2d 1308].) The value of the *Maben* opinion as to the interpretation of the section can only be persuasive.

██ Prior to the enactment of section 139.7, a decree awarding alimony carried within it, without the necessity of language to that effect, a reservation of jurisdiction to modify it at any time prior to the expiration of the term for which alimony was awarded, including the right to extend the term of such award and to terminate it.

The effect of section 139.7 therefore is to limit the jurisdic-

tion of the court that theretofore existed unless jurisdiction be reserved by express language to modify the terms for the payment of alimony.

Legislation that limits the existing jurisdiction of a court will not be given effect to diminish the court's jurisdiction to deal with a matter then pending before it in the absence of express language giving such application to the legislation. (*Berg* v. *Traeger,* 210 Cal. 323, 326 [292 P. 495]; *Architectural Tile Co.* v. *Superior Court,* 108 Cal.App. 369, 371 [291 P. 586].)

There are sound reasons why section 139.7 should be held not to apply to a decree entered before the effective date of the act that has not been modified after that date prior to the proposed modification against which the section is invoked as a bar.

It has sometimes happened before the enactment of section 139.7 that a decree awarding alimony has contained an express provision reserving jurisdiction to modify in language sufficient to satisfy section 139.7. Such a case was *Lassiter* v. *Lassiter, supra,* 256 Cal.App.2d 81. Such express reservation was not required prior to the enactment of section 139.7. Nevertheless, the spouse to whom alimony might have been awarded by such a decree would have a superior position if the section be given such retrospective effect to one whose decree contained no such explicit reservation of jurisdiction.

The effect of the legislation would be to give to a person of the first class a right denied to one of the second class.

In order for one of the second class to obtain equality of opportunity, she (or he) must have, prior to the effective date of the act, obtained a modification of the decree so that the decree as modified would contain an express reservation of jurisdiction. But necessary grounds for modification might be lacking at that time as to some of the spouses falling within the second class, while others of such class might have good grounds for seeking a modification before the effective date of the act but after its enactment.

In summary, we conclude that the uniform administration of justice requires that section 139.7 be held not to affect the implied jurisidiction to extend the period of an award of alimony (1) limited by an original decree entered before the effective date of the act; (2) where such extension be made or applied for before the expiration of the period to which the award was originally limited; (3) where in addition there has been no order of modification made after the

effective date of the act limiting the duration of payments without making an express reservation of jurisdiction.

■ It is reasonable, however, that any order made after the effective date of section 139.7 that places a time limit for the payment of alimony, whenever the first order for payment of alimony may have been made, must include an express reservation of jurisdiction to modify the terms for payment of alimony or such jurisdiction terminates as of the date of making the order. We are not called upon to discuss whether jurisdiction to shorten a period theretofore fixed for payment of alimony, or to increase or decrease the allowance, are affected by the act if jurisdiction be not expressly reserved.

■ We are thus left with the sole question whether the order made on August 19, 1966, was an order that limited the duration of payments for support. That order in relevant part was as follows:

"1. Defendant shall pay to plaintiff for her support and maintenance the sum of $400.00 per month beginning September 1, 1966.

". . . . . . . . . . . . .

"It Is Noted that the question of whether this support and maintenance should continue beyond four years from the date of the Interlocutory Judgment of Divorce was not before the court; the modification ordered herein shall not affect that issue one way or the other."

The trial court in the order appealed from did not in terms interpret the meaning and effect of the August 19, 1966, order. But it must in fact have interpreted that order when in the order appealed from the court stated: "Under the circumstances of this case, Civil Code Section 139.7 does not deprive the Court of jurisdiction to extend support and maintenance payments to be made by defendant to plaintiff."

That interpretation was a reasonable one. The order of August 19, 1966, did not limit the duration of the period for payment of support.

The order appealed from is affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.