[Civ. No. 33692. Second Dist., Div. Four. Oct. 22, 1969.]

MARY ANN CROWE, Plaintiff and Respondent, v. BAXTER CROWE, Defendant and Appellant.

COUNSEL

Bernard A. Leckie for Defendant and Appellant.

Harvey S. Krieger for Plaintiff and Respondent.

OPINION

**JEFFERSON, Acting P. J.**—Defendant (husband) appeals from an order modifying the child support and alimony provisions of an interlocutory decree of divorce granted to plaintiff (wife).

The interlocutory judgment, entered on April 29, 1963, ordered that defendant pay to plaintiff for the support of their two sons, Richard (then 17) and Lyle (then 15), $225 a month ($112.50 for each son) "until each of said children shall have reached the age of 21 years, or shall have sooner died, married, or entered military service of the United States, or shall become self supporting, or until further order of the court."

Defendant was further ordered to pay alimony to plaintiff in the amount of $75 per month, the payments to continue "until further order of this court, but in no event shall the defendant's obligation for such support and maintenance for the plaintiff continue after the date upon which the minor child of the parties, Lyle Eugene Crowe, reaches, or otherwise should have reached his majority."

The final judgment of divorce was entered on August 6, 1964. Thereafter, on January 19, 1968, plaintiff filed an Order to Show Cause in re Contempt against defendant alleging that, since November 20, 1966, he had not made any of the required support and alimony payments. Defendant countered, on February 8, 1968, with an Order to Show Cause re Modification, asking (A) for a determination by the court that prior to November 1966 his two sons became self-supporting and, upon such determination, that the court order defendant's child support obligation terminated effective on the date it found they became self-supporting; (B) that the court make an order terminating his obligation to make further alimony payments effective as of the same date.

On February 19, 1968, both orders to show cause came on for hearing at the same time. After presentation of evidence, the court dismissed the contempt and made its order modifying the interlocutory judgment.

The court's order provides: "The interlocutory judgment entered April 29, 1963, is modified in the following particulars only: support payments for Richard are terminated as of his reaching age 21. Defendant is ordered

to pay plaintiff for the support of Lyle $75 a month . . . beginning February 20, 1968; alimony is reduced to $1.00 a month beginning March 1, 1968, and continuing until further order of court."

Richard became 21 years of age on April 20, 1967. During the pendency of this appeal (on Feb. 6, 1969), Lyle also reached majority.

Defendant raises two contentions, (1) that the court below lacked jurisdiction to "open the alimony decree" by ordering token $1.00 per month alimony payments until further order of the court; and (2) that the court abused its discretion in failing to determine that the child support obligation was terminated under the terms of the interlocutory decree since the evidence showed that both boys were self-supporting at least as of November 1966 when the support payments were stopped.

Looking at defendant's first contention, the interlocutory judgment ordered that defendant pay $75 a month alimony "until further order of the court, but in no event shall the defendant's obligation . . . continue after the date upon which the minor child of the parties, Lyle . . . reaches his majority." It is asserted that the trial court was bound by this provision and therefore had no authority to order that defendant make token alimony payments "until further order of the court," thus indefinitely extending his obligation beyond the provided-for cut-off date of Lyle's 21st birthday (on Feb. 6, 1969).

Civil Code, section 139 states that the court may compel the party against whom a decree of divorce or separate maintenance is granted to pay a suitable allowance to the other party for his or her life or for such shorter period as the court deems just, and that such order ". . . may be modified or revoked at any time at the discretion of the court except as to any amount that may have accrued prior to the order of modification or revocation." Under this section, it has been the rule that alimony payments, limited in duration by the original decree, may be extended when the petition for such extension is filed before the expiration of the period stated in the decree. (*Simpson* v. *Simpson,* 134 Cal.App.2d 219, 224 [285 P.2d 313]; *Schraier* v. *Schraier,* 163 Cal.App.2d 587, 589 [329 P.2d 544]; *Reichardt* v. *Reichardt,* 186 Cal.App.2d 808, 812 [9 Cal.Rptr. 225]; *Dahlstet* v. *Dahlstet,* 272 Cal.App.2d 174, 177 [77 Cal.Rptr. 45].)

Defendant relies on Civil Code, section 139.7, a 1965 enactment which changes the above-stated rule. Section 139.7 provides: "An order for payment of an allowance for the support of one of the parties pursuant to Section 139 shall terminate at the end of the period specified in the order and shall not be extended unless the court in its original order retains jurisdiction." However, section 139.7 has been held not to have retrospec-

tive application to orders, such as here, made prior to its effective date. (*Dahlstet* v. *Dahlstet, supra,* 272 Cal.App.2d 174, 177-180.) "[T]he uniform administration of justice requires that section 139.7 be held not to affect the implied jurisdiction to extend the period of an award of alimony (1) limited by an original decree entered before the effective date of the act; (2) where such extension be made or applied for before the expiration of the period to which the award was originally limited; (3) where in addition there has been no order of modification made after the effective date of the act limiting the duration of payments without making an express reservation of jurisdiction." (*Dahlstet* v. *Dahlstet, supra,* at p. 179.)

■ Since the interlocutory judgment (which was entered on April 29, 1963) was in effect prior to the effective date of section 139.7 (Sept. 17, 1965) and the modification was made (in 1968) prior to the termination date provided in the decree (Feb. 6, 1969), the court had the power to extend the alimony payments.

■ With respect to the second contention, it is defendant's position that the trial court erred in failing to find that his child support obligation ceased, pursuant to the terms of the interlocutory judgment, prior to November 1966 (when he stopped making payments), because the evidence shows that both boys were then self-supporting. As indicated above in the statement of the facts, the interlocutory judgment contains the provision that the support payments were to terminate when each of the boys became self-supporting. The court did not give effect to this provision but modified the judgment terminating the support payments for Richard as of April 20, 1967 (when he reached age 21), and reducing the payments for Lyle from $112.50 to $75 a month.

As it applies to child support, section 139 states that the court may compel the party against whom the decree or judgment is granted "to make suitable allowance for the support, maintenance and education of the children of said marriage during their minority. . . ." The provision permitting modification at any time except as to amounts accruing prior to the order of modification, is applicable to child support orders as it is to alimony orders (see provision quoted above in connection with defendant's point (1)). (*Spivey* v. *Furtado,* 242 Cal.App.2d 259, 263-264 [51 Cal.Rptr. 362].)

Under section 139, the court had the power to prospectively modify child support allowances during the minority of the children. We can only conclude from the all inclusive language of the section, that included in

such power to modify, was the power to strike or not give effect to the "self-supporting" terminating contingency.[1] ▮ It is well established that a parent's duty to support is not necessarily affected by the fact his children are self-supporting or possessed of ample means of their own. (*Chapin* v. *Superior Court,* 239 Cal.App.2d 851, 856 [49 Cal.Rptr. 199].)

The order is affirmed.

Kingsley, J., and Dunn, J., concurred.

---

[1] In 1968, subsequent to the date of the order appealed from, Civil Code section 139.8 was enacted by the Legislature (it became effective on Nov. 13, 1968). It reads in part: "When a court orders a person to make specified payments for support of the other party for a contingent period of time, or to make specified payments for support of children during a child's minority, or until such child is married or otherwise emancipated, the liability of such person terminates upon the happening of such contingency." Applying the rationale of *Dahlstet, supra,* we conclude that section 139.8 has no retroactive application to the case before us.