[Civ. No. 43308. Second Dist., Div. Five. Jan. 21, 1974.]

MARTIN F. BAIN, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ELIZABETH D. BAIN, Real Party in Interest.

### COUNSEL

Stanley O. Epstein and James A. Watkins for Petitioner.

No appearance for Respondent.

Mitchell J. Gratz and Sanford M. Ehrmann for Real Party in Interest.

### OPINION

**KAUS, P. J.**—This prohibition proceeding grows out of an ongoing property settlement dispute between Martin F. Bain ("husband"), petitioner in a marriage dissolution action and Elizabeth D. Bain ("wife"). We issued the alternative writ on the husband's application.

The trial court awarded the wife temporary spousal support, pending the husband's partial appeal from an interlocutory judgment of dissolution. The husband asserts that the trial court had no jurisdiction to award such temporary support pending appeal, because (1) he has appealed only

from the property division portions of the decree; (2) the wife has not appealed from any other portions of the decree; (3) in the decree the trial court awarded the wife only three months' permanent support and did not retain jurisdiction to modify that award.

## FACTS

The parties separated in April 1972. In July 1972 the court ordered the husband to pay the wife temporary spousal support of $1,500 a month. This level of support continued until the interlocutory decree, entered June 25, 1973. The decree provided in relevant part: (1) The husband was ordered to execute "forthwith" a promissory note for $42,843 payable to the wife, which note represented the wife's share of the community property; he was ordered to pay the note in installments of "not less than" $750 a month. (2) The husband was ordered to pay the wife spousal support in the amount of $750 a month for three months, starting May 20, 1973. The court did not retain jurisdiction to modify the spousal support provision.

On July 5, the husband promptly filed a notice of appeal from that portion of the decree dealing with "the settlement of the property rights." On July 9, the wife noticed a motion in the trial court, requesting attorney's fees, costs, spousal support pending the appeal, and modification of the spousal support provision in the decree to provide for continued jurisdiction. She stated in her supporting declaration that she had counted on supporting herself with the $750 a month payments from the property settlement, that without spousal support pending the husband's appeal she would be at the "mercy" of the husband, and that she would be left with no alternative other than to file a cross-appeal, thereby incurring additional costs.

On August 2, the trial court modified the interlocutory decree to provide that the $750 a month property settlement payments "will be payable unless [the husband] posts adequate bond on appeal." The order also stated: "Since [the wife] has appealed only from that portion of the Interlocutory Judgment which settles the property rights of the parties, the provisions of the Interlocutory Judgment pertaining to spousal support will become final."

On September 28,[1] the wife again noticed a motion for spousal support pending the husband's appeal. She declared that the husband had posted bond in lieu of making payments, she had been unable to get a job and was in debt, and, unless the court awarded spousal support pending appeal,

---

[1]The time to appeal the interlocutory decree ended about August 25, 1973.

the "only other alternative is the obvious one of disposing of my community property rights by an unfair and unjust settlement."

On October 16, 1973, the trial court ordered the husband to pay the wife temporary spousal support of $750 a month "until final disposition of [the husband's] appeal . . . or further order of the Court, . . ."

This petition followed.

## DISCUSSION

The issue is straightforward: Does jurisdiction to award temporary support to the wife, pending the husband's appeal, depend on whether the trial court, in its interlocutory decree retains jurisdiction to modify an order for permanent support, or, alternatively, on whether finality of the permanent support order has been postponed by an appeal therefrom?

Adverting first to the latter alternative: the husband stresses over and over that no appeal from the order for permanent spousal support was taken. The implication is that the wife could have preserved the trial court's jurisdiction by appealing. The July 9, 1973, motion showed that her failure to do so was not an oversight. Presumably she did not file an appeal because she and her counsel felt that there would have been no merit to it. The statutory scheme for temporary and permanent spousal support would certainly be subject to criticism if it put a premium on the filing of a frivolous appeal. Luckily it does not.

As far as permanent spousal support is concerned, the court's power is legislatively defined as follows: "An order for payment of . . . support . . . shall terminate at the end of the period specified in the order and shall not be extended unless the court in its original order retains jurisdiction." (Civ. Code, § 4801, subd. (d) [formerly Civ. Code, § 139.7]; *Faught* v. *Faught,* 30 Cal.App.3d 875, 877-878 [106 Cal.Rptr. 751]; *Maben* v. *Superior Court,* 255 Cal.App.2d 708, 711, 714 [63 Cal.Rptr. 439].)

However, with respect to temporary support, California law provides without any stated relevant restrictions: "During the pendency of any proceeding under Title 3 [dissolutions] . . . the superior court may order the husband . . . to pay any amount that is necessary for the support and maintenance of the wife . . . ." (Civ. Code, § 4357.)[2] An order

---

[2]This provision has lived under other numbers: Civil Code, section 4516, repealed Statutes 1970, chapter 311, section 6; Civil Code, section 137.2, repealed Statutes 1969, chapter 1608, section 3; Civil Code, section 137, amended Statutes 1951, chapter 1700, sections 1, 3.

for temporary support pending litigation is independent of any alimony award in the main action, and the power of the court to make such an award continues during the pendency of any appeal. (E.g., *Bruce* v. *Bruce,* 160 Cal. 28, 29-30 [116 P. 66]; *Bohnert* v. *Bohnert,* 91 Cal. 428, 431 [27 P. 732].)

■ The wife may be awarded spousal support pending an appeal whether the appellant is the wife (*Gay* v. *Gay,* 146 Cal. 237, 238-239 [79 P. 885] [no permanent alimony awarded]; *Bohnert* v. *Bohnert, supra,* 91 Cal. 428, 430-431 [same]) or the husband (*Sheppard* v. *Sheppard,* 161 Cal. 348, 350-351 [119 P. 492] [permanent alimony awarded]) or both parties (*Falk* v. *Falk,* 48 Cal.App.2d 780, 782 [120 P.2d 724] [property division]).

■ None of the rules stated above is disputed. What is disputed is whether the enactment of section 139.7, now section 4801, subdivision (d), changed California law with respect to awarding temporary spousal support pending appeal, where, as here, a time-limited permanent award of spousal support was not appealed and the decree did not retain jurisdiction to modify that award.

Some additional statutory background will be helpful: The original alimony and child support section was enacted in 1872 as Civil Code section 139. Continuing jurisdiction was conferred by the statute: ". . . and the Court may, from time to time, modify its [alimony and child support] orders in these respects." The jurisdiction language remained substantially unchanged until 1965, when section 139.7, now section 4801, subdivision (d) was added.[3] Thus, from 1872 until 1965, jurisdiction was preserved by statute; from 1965 on, jurisdiction was not preserved unless expressly reserved.

However, even before the enactment of section 139.7, now section 4801, subdivision (d), the reserved jurisdiction of the court was limited: "Prior to the enactment of section 139.7, a decree awarding alimony carried within it, without the necessity of language to that effect, a reservation of *jurisdiction to modify it at any time prior to the expiration of the term for which alimony was awarded. . . .*" (*Dahlstet* v. *Dahlstet,* 272 Cal.App.2d 174, 178 [77 Cal.Rptr. 45] [italics added].) If the spouse applied for a modification after the period of the award had expired, the court had no jurisdiction to extend or modify the award. (*Tolle* v.

---

[3]Civil Code section 139.7 was repealed in 1969 (Stats. 1969, ch. 1608, § 3) and replaced by section 4801, which contains the same jurisdiction provision.

*Superior Court,* 10 Cal.2d 95, 97-98 [73 P.2d 607].) Similarly, if the original decree awarded *no* alimony, the court had no jurisdiction to award alimony later. (*Howell* v. *Howell,* 104 Cal. 45, 47 [37 P. 770].)

Despite these restrictions on the power of the trial court with respect to permanent support, there never has been any question about the trial court's power to award temporary spousal support pending appeal. We perceive nothing in the enactment of section 139.7, now section 4801, subdivision (d), to change that result. The only apparent effect on the law of spousal support made by section 4801, subdivision (d), is that the court cannot modify an order for a "period specified," unless jurisdiction is retained in the *"original order . . . ."*[4] (Italics added.) (See *Dahlstet* v. *Dahlstet, supra,* 272 Cal.App.2d 174, 178, 180.)

Thus, the husband's reliance on *Faught* v. *Faught, supra,* 30 Cal.App.3d 875, is misplaced. *Faught* held that where a trial court did not retain continuing jurisdiction to extend spousal support in a separate maintenance order, the court had no jurisdiction to do so in a subsequent dissolution action. (30 Cal.App.3d at pp. 877-878.) But the determination of permanent spousal support is, as the court noted, an adjudication on the merits of the parties' financial relationships. (*Id.* at p. 878.) Temporary support orders pending litigation are quite another matter: "While a pendente lite order has many features of a judgment in other contexts, it does not finally determine the rights of the parties in the sense of a judgment, has no tendency to bring the litigation to conclusion, . . ." (*Moore* v. *Superior Court,* 8 Cal.App.3d 804, 810 [87 Cal.Rptr. 620].)

Given the limited impact of section 139.7—now section 4801, subdivision (d)—on a trial court's continuing jurisdiction, we can find no reason for holding that the mere enactment of that section worked, in effect, a repeal of the temporary spousal support law in existence for some 100 years, and as we have noted, applied without regard to which spouse appealed or the subject matter of the appeal.

We therefore reject the husband's contention that the right to temporary spousal support pending an appeal depends upon the issues being appealed. Thus, we need not discuss whether, in fact, the provisions in the decree for spousal support and for property division are severable, so that the spousal support provision is not really final. (See *People* ex rel. *Dept. Pub. Wks.* v. *Lagiss,* 223 Cal.App.2d 23, 45-46 [35 Cal.Rptr. 554].)

---

[4]*Maben* v. *Superior Court, supra,* 255 Cal.App.2d 708, 712, suggests that a time-limited order subject to section 139.7 could have been modified if the wife had sought modification during the period covered by the order. *Dahlstet* v. *Dahlstet, supra,* questions *Maben* on this point.

The point is, simply, that regardless of the issues being appealed, the wife is entitled to temporary support pending that appeal so that she is not, through economic duress, deprived of the benefits of the trial court's judgment.

To conclude, we find *Falk* v. *Falk, supra,* 48 Cal.App.2d 780, 786, which upheld a trial court order for temporary alimony pending appeal by both parties on the community property division most instructive: "The application in the complaint for divorce for an allowance of $500 per month as permanent alimony was not granted. All the relief the [wife] secured under the complaint was an award for one-half of the community property, the whole of which is retained by the [husband] pending the appeals. In lieu of an allowance for permanent alimony, on motion therefor, under section 137 [now 4357] of the Civil Code, she was allowed $200 a month pending the determination of the appealed cases. That is a proper emergency provision to enable the plaintiff to continue to live in substantially the same manner she has been accustomed to live, pending the determination of the appealed cases. The statutory right to necessary alimony pendente lite is separate and distinct from an award of permanent alimony or maintenance which may be awarded under proper circumstances. The fact that the wife was awarded one-half of the community property furnishes no reason why she may not also be entitled to alimony pendente lite, particularly when the custody and control of the entire community property is retained by the husband."

We agree with the reasoning and the result in *Falk*. The alternative writ of prohibition heretofore issued is discharged. The peremptory writ is denied.

Stephens, J., and Hastings, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied March 20, 1974.