[Civ. No. 48716. Second Dist., Div. Three. Jan. 27, 1977.]

In re the Marriage of TOBY and JOSEPH W. KEEVA.
TOBY KEEVA, Respondent, v.
JOSEPH W. KEEVA, Appellant.

COUNSEL

Herb Wiener for Appellant.

Trope & Trope and Timothy S. Harris for Respondent.

OPINION

POTTER, J.—Appellant Joseph W. Keeva (hereinafter husband) appeals from an order of the superior court dated December 10, 1975, continuing spousal support awarded petitioner Toby Keeva (hereinafter wife).

An interlocutory judgment of dissolution was filed November 14, 1974, which contained provisions for spousal and child support as follows:

"Respondent is ordered to pay Petitioner as and for spousal support the sum of $1,000.00 per month, payable one-half (½) on the first (1st) and one-half (½) on the fifteenth (15th) of each month, effective November 1, 1974, through and including the payment to be made on October 15, 1975. Thereafter, Respondent to pay Petitioner, the sum of $1.00 per month, payable on the fifteenth (15th) of each month, commencing on November 15, 1975, until death of the Petitioner, remarriage of the Petitioner, or further Order of the Court, whichever occurs first.

"Respondent is ordered to pay directly to Petitioner, as and for support for the minor child, DANIEL SCOTT KEEVA, born August 18, 1971, the amount of $350.00 per month, payable one-half (½) on the first (1st) and one-half (½) on the fifteenth (15th) of each month, effective November 1, 1974, and continuing until further Order of the Court."

On November 20, 1974, husband filed his application for modification of both child support and spousal support, requesting that child support be set at "a reasonable sum," and that spousal support be terminated, based upon allegations that at the time of the "intended decision for the Interlocutory Judgment," husband "was employed . . . and his gross salary was $3,000 a month and his net monthly salary varied between $2,099.50 and $2,204.00," but that on October 30, 1974, husband "was terminated by his employer . . . and presently has no income what-

soever." The order to show cause on husband's petition was heard January 17, 1975, at which time the court made its order as follows:

"Respondent is ordered to pay to the petitioner as and for spousal support, the amount of $250.00 per month, payable one-half on the 1st and one-half on the 15th of each month commencing January 1, 1975 and continuing through the calendar month of May, 1975 at which time, the order heretofore made for spousal support of $1,000 per month is re-instated.

"The respondent is ordered to pay to the petitioner as and for the support of the minor child of the parties namely, Daniel, born August 18, 1971, $150.00 per month, payable one-half on the 1st and one-half on the 15th of each month commencing January 1, 1975 through the calendar month of May, 1975. Effective with the first day of June, 1975, the former order of $350.00 per month for child support is re-instated to continue for the term set forth in the aforesaid Judgment."

Before the expiration of the period for which diminished support was provided, and on May 16, 1975, husband filed his further application for modification. Again, child support in "a reasonable sum" was requested and husband sought to avoid paying any spousal support. His supportive declaration repeated the facts concerning termination of his employment and stated that his only income had been unemployment insurance. Husband also alleged that he was informed and believed that his wife was presently employed and earning an adequate salary. The matter was heard on June 11, 1975, and the court made the following order with respect to support:

"THE COURT MAKES THE FOLLOWING ORDER: Interlocutory Judgment of Dissolution of Marriage of November 14, 1974 as heretofore modified by the order of January 17, 1975 is further modified in the following particulars: The respondent is ordered to pay directly to petitioner for child support the sum of $15.00 per week, payable Saturday of each week, retro-actively commencing Saturday May 17, 1975 and so payable through payment due Saturday November 15, 1975; further he shall pay directly to petitioner by way of spousal support $15.00 per week, on the same Saturdays continuing through Saturday 15th of November 1975. This order is predicated upon representation to the Court that the respondent at this time is unemployed and his only income is $90.00 weekly unemployment and $100.00 Insurance commission per month. . . .

*Matter ordered continued to November 15, 1975 8:30 a.m. in Department 2.* Both ordered back at that time without further order."

On August 4, 1975, having been advised that November 15 was a Saturday, the court made its nunc pro tunc order as follows:

"The Court having inadvertently continued the Order to Show Cause re Modification to November 15, 1975 (a Saturday); the Court, now, on its own motion corrects its order of June 11, 1975 nunc pro tunc as of that date as follows:

*"This matter is ordered continued to November 19, 1975 at 8:30 a.m. in Department 2."*

The November 19 hearing was continued until December 10, 1975. In connection with that hearing, respondent filed his financial declaration showing total monthly income of $700. At the hearing on December 10, husband challenged the power of the court "to continue granting spousal support because it has lost jurisdiction." The objection to the jurisdiction was denied and the court proceeded to hear the matter upon husband's declaration. The order appealed from was the result. It reads in pertinent part:

"After argument of counsel in open court the court orders: on the Interlocutory Judgment dated 11/18/74, the present level of support shall be continued on the following conditions:

"1) That there is a representation that respondent's gross earnings are $700.00 per month and that

"2) Respondent will give to Petitioner's counsel a quarterly annual report as to his income.

"The Court rules to retain jurisdiction over child and spousal support."

### Contentions

■ Husband contends that the June 11, 1975, order terminated the allowance for spousal support on November 15, 1975, and did not retain jurisdiction; therefore, the court had no jurisdiction to reinstate the spousal support order. Wife contends that properly construed, the order did not terminate support on that date.

*Discussion*

Husband's position is based upon the provisions of section 4801, subdivision (d), of the Civil Code which at all pertinent times has provided: "An order for payment of an allowance for the support of one of the parties shall terminate at the end of the period specified in the order and shall not be extended unless the court in its original order retains jurisdiction." This language came from section 139.7 of the Civil Code, added in 1965, the language of which was in all pertinent respects identical.

The clear language of the interlocutory decree in this case retained jurisdiction by awarding petitioner "the sum of $1.00 per month, payable on the fifteenth (15th) of each month, commencing on November 15, 1975, until death of the Petitioner, remarriage of the Petitioner, or further Order of the Court, whichever occurs first." Husband is, therefore, obliged to rely upon the holding of *Maben* v. *Superior Court,* 255 Cal.App.2d 708, 712 [63 Cal.Rptr. 439], that the "original order" referred to in section 4801, subdivision (d) (then Civ. Code, § 139.7) is "the latest order in point of time in which the court has made an allowance for the support of either party." In *Maben,* the last order in point of time was a modification reducing the alimony from the amount set by a prior modification and continuing it for a period of 12 months, " 'at which time alimony shall terminate.' " (255 Cal.App.2d at p. 710.) Husband assumes, without argument, that the effect of the June 11, 1975, order was the same as the modification order in *Maben,* saying in this respect only: "It is respectfully submitted that the court's order of June 11, 1975, provided for weekly spousal support of $15.00 a week to be paid by husband to wife to a specified period, November 15, 1975, and that the order did not retain jurisdiction to extend wife's spousal support in *that* order."

Husband also refers to *Faught* v. *Faught,* 30 Cal.App.3d 875 [106 Cal.Rptr. 751], and *Bain* v. *Superior Court,* 36 Cal.App.3d 804 [111 Cal.Rptr. 848], as authorities allegedly citing *Maben* with approval. *Faught* contains no such citation. It does, however, apply Civil Code section 4801, subdivision (d), to a separate maintenance decree, the language of which is not quoted, in which the court "did not retain jurisdiction." *Bain* does cite *Maben.* It does not, however, base any holding upon it and notes that it is questioned on one point in *Dahlstet* v. *Dahlstet,* 272 Cal.App.2d 174 [77 Cal.Rptr. 45]. The holding in *Bain,*

however, was that section 4801, subdivision (d), did not limit the trial court's power to award temporary alimony pending an appeal.

Wife does not dispute husband's claim that the pertinent "original order" within the meaning of section 4801, subdivision (d), is the June 11, 1975, order. She claims, however, that fairly construed, that order did not specify the end of the period for payment of spousal support. The trial court agreed with wife. We are persuaded that its interpretation is reasonable and should be affirmed.

The circumstances under which the June 11, 1975, order were made strongly suggests that the court did not thereby intend to limit the period for which spousal support payments would be made. Wife had been deprived of the substantial spousal and child support payments virtually from their inception by the adverse economic circumstances of husband, and it appeared that he would be unable to provide such support at any time prior to the November 15, 1975, date specified in the interlocutory decree for reduction of spousal support to $1 per month. The order of June 11 specifically recites that it is "predicated upon representation to the Court that the respondent at this time is unemployed and his only income is $90.00 weekly unemployment and $100.00 Insurance commission per month." A prior temporary reduction expressly limited to the period January 1 through May 1975, specifically providing for reinstatement, had proven not to be of sufficient duration. The manifest purpose of the extension was to cover the situation until husband's earning capacity improved.

Moreover, the simultaneous continuance of the matter to November 15, 1975, manifested the court's intent to deal further with the matter in light of husband's earning capacity at that time and was inconsistent with an intent that support terminate at such time. The failure of the nunc pro tunc order continuing the hearing to November 19, 1975, to also continue the reduced level of support is more indicative of further inadvertence than of an intent permanently to terminate support. The continuance to November 19 implies that there would be something to rule upon on that date. If the effect of the court's failure to act on November 15 were loss of jurisdiction, the November 19 setting was a nullity. It is thus apparent that although the court did not use the words that it "retains jurisdiction," there was no intent to limit the duration of the period of payment for support.

Section 4801 does not require the use of "magic words" to avoid loss of jurisdiction. In *Lassiter* v. *Lassiter*, 256 Cal.App.2d 81 [63 Cal.Rptr. 676], the court dealt with an interlocutory judgment of divorce which it described as follows: "The divorce judgment details an eight-year declining scale of support payments, states defendant's support obligation shall terminate in eight years, and declares ' . . . the parties intend that the provisions for plaintiff's support shall be modifiable. . . .' " (*Id.*) In holding that a modification made within the eight-year period extending defendant's obligation was within the court's power, the court on appeal stated (256 Cal.App.2d at p. 82): "Assuming without·deciding that section 139.7 governs, the trial court's interlocutory judgment declaration that the support provisions shall be modifiable is a retention of jurisdiction."

*Dahlstet* v. *Dahlstet, supra,* 272 Cal.App.2d 174, 175, involved an interlocutory decree entered prior to the enactment of Civil Code section 139.7, which provided for alimony of $250 per month "for a period of four years from the date of this interlocutory Judgment of Divorce." A 1966 modification order increased the support to $400 per month and made the following reference to the four-year term (272 Cal.App.2d at p. 180): " 'It Is Noted that the question of whether this support and maintenance should continue beyond four years from the date of the Interlocutory Judgment of Divorce was not before the court; the modification ordered herein shall not affect that issue one way or the other.' "

Respecting the effect of this modification, the court said (*id.*):

"The trial court in the order appealed from did not in terms interpret the meaning and effect of the August 19, 1966, order. But it must in fact have interpreted that order when in the order appealed from the court stated: 'Under the circumstances of this case, Civil Code Section 139.7 does not deprive the Court of jurisdiction to extend support and maintenance payments to be made by defendant to plaintiff.'

"That interpretation was a reasonable one. The order of August 19, 1966, did not limit the duration of the period for payment of support."

The factual situation in *Dahlstet* was comparable to the case at bench. In that·case; the original order was not subject to the provisions of Civil Code section 139.7 because it predated that section. The original interlocutory decree in this case clearly provided for retained jurisdic-

tion, thereby avoiding the effect of the successor section 4801, subdivision (d). The modification order in *Dahlstet* was made subsequent to the enactment of section 139.7 and its effect was to simply change the amount of the award up to the end of the four-year period. It made no express provision for retention of jurisdiction. Nevertheless, it was construed as not intending to "limit the duration of the period for payment of support." The order appealed from in this case is subject to the same interpretation. It was intended only to determine the amount of the support until the next hearing, not to limit the duration of the support provided by the interlocutory decree. The court's jurisdiction was not terminated by its inadvertent failure, specifically in so many words, to retain jurisdiction.

The order appealed from is affirmed.

Cobey, Acting P. J., and Allport, J., concurred.