[Civ. No. 11515. Third Dist. Apr. 26, 1968.]

H. L. WHITMIRE, Plaintiff, Cross-defendant and Appellant, v. H. K. FERGUSON CO., Defendant, Cross-complainant and Respondent.

Bradford, Cross, Dahl & Hefner, Hardy, Erich & Brown, Cavan Hardy and Robert G. Wilson for Plaintiff, Cross-defendant and Appellant.

Rich, Fuidge, Dawson, Marsh & Morris, Charles C. Dawson, Dennis Noonan and Chester Morris for Defendant, Cross-complainant and Respondent.

REGAN, J.—Plaintiff H. L. Whitmire (hereinafter referred to as Whitmire) appeals from two summary judgments, pursuant to section 437c, Code of Civil Procedure, entered against him and in favor of H. K. Ferguson Company (hereinafter referred to as Ferguson).

Oswald Nelsen, an employee of Whitmire, was injured on the premises of Kimberly-Clark Corporation. Whitmire, as subcontractor, had executed a written contract with Ferguson, the general contractor for the Kimberly-Clark Corporation, to do the necessary job roofing. Nelsen sued both Kimberly-Clark Corporation and Ferguson, seeking damages for injuries resulting from a fall. A complaint in intervention was filed by El Dorado Insurance Exchange, the workmen's compensation insurance carrier for Whitmire, seeking to recover the amount it had paid to Nelsen. Ferguson filed a cross-complaint naming Whitmire; alleging that in his contract with Whitmire, Whitmire had undertaken to indemnify Ferguson, thus Whitmire was for that reason obligated to pay any judgment that might be rendered against Ferguson. Whitmire then filed a complaint for declaratory relief against Ferguson and El Dorado Insurance. (El Dorado Insurance was subsequently dismissed as a party defendant in this latter action.) The complaint for declaratory relief raised the question, similar to that raised in the cross-complaint, whether under the contract with Ferguson Whitmire had undertaken to indemnify Ferguson even though Ferguson may be found to be negligent.

.Ferguson filed an answer to the complaint for declaratory relief admitting the allegations of the complaint: that Nelsen, an employee of Whitmire, had sustained injuries while acting

in the course and scope of employment, and that Whitmire and Ferguson had entered into a subcontract.

· Ferguson later moved for summary judgment on the ground that under the subcontract Ferguson is entitled to be indemnified by Whitmire and for that reason there is no triable issue.

This motion was treated by the court and parties as having been made in both the action for declaratory relief brought by Whitmire and to the cross-complaint filed by Ferguson against Whitmire.

The affidavit filed in support of the motion for summary judgment was a declaration of Thomas Tweedy, attorney for Ferguson, in which he declared that he examined the subcontract incorporated *in haec verba* by Whitmire in his complaint for declaratory relief, and that the stricken matter was in fact lined out in the original agreement. No counteraffidavit was filed by Whitmire.

There was a hearing on the motion in which the court, after argument and considering the terms of the subcontract, including the stricken language, ruled in favor of Ferguson.

After the ruling on the motions for summary judgment a jury entered a verdict in favor of Nelsen and found Whitmire to be negligent. The judgment has been satisfied.

We are concerned in this appeal only with the action of the trial court in granting summary judgment in favor of defendant Ferguson. The principal issue raised is the construction of a hold harmless and indemnification clause contained in the written contract between Whitmire, the subcontractor, and Ferguson, the general contractor, which contains the following provisions:

''Sub-Contractor agrees to pay and indemnify Contractor from and against all losses, liabilities, suits or obligations of every kind paid or incurred by Contractor on account of failure of Sub-Contractor to perform agreements herein. Sub-Contractor further agrees to indemnify and save harmless the Contractor and the Owner from all loss, expense, damages, claims, suits or subrogations resulting from injury, including death, sustained by Sub-Contractor, or by an employee, agent or representative of Sub-Contractor, arising from any cause or for any reason whatsoever in or about the premises where the work is being performed, except where such injury or death is caused solely by the negligence of the Contractor or his employees. The above applies equally to, and includes property damage.''

Ferguson in support of the motion for summary judgment alleges that it appears from the contract executed by Whitmire and itself that it is entitled to indemnity by Whitmire and that there is no issuable fact that can be tried on the declaratory relief action. The affidavit filed in support of Ferguson's motion for summary judgment did not dispel the question of whether or not a triable issue was present.

Ferguson urges that the hold harmless and indemnification clause with the exclusionary clause stricken therefrom establishes that for negligence of any type, whether it be defendant's sole negligence, or whether for defendant's negligence of whatever character, Whitmire undertakes to hold defendant harmless.

Whitmire urges in opposition to the motion that the contract provision is ambiguous and uncertain and thus it would require evidence to resolve this aspect of the problem as well as to supply the intent of the parties; that further it is a question of fact whether the language of the contract controls in the face of active or passive negligence of Ferguson.

The trial court found as a matter of law after an examination of the contract, including the stricken language, that Whitmire does have the duty to indemnify Ferguson for injuries suffered by an employee of Whitmire even though the negligence of Ferguson may have been either a contributing or sole cause thereof.

█ Reference to language stricken in a contract is to be considered only if the contract is ambiguous. (See, *Remillard Brick Co.* v. *Remillard-Dandini Co.*, 51 Cal.App.2d 744, 751 [125 P.2d 548]; *Hughes* v. *Samedan Oil Corp.*, 166 F.2d 871, 873-874; 3 Corbin on Contracts, § 548, pp. 179-180; 17A C.J.S. Contracts, § 317, p. 180.) Without resort to the stricken language in the contract provision in question, the cases cited below clearly set forth the guide line for construing a provision of this kind. █ The contract provision becomes ambiguous as to the intent of the parties only when there is consideration of the stricken language; such ambiguity is manifested by the arguments of both parties concerned. Since the trial court included the stricken language in its consideration, the intent of the parties becomes a triable issue, which is not dispelled by Ferguson's affidavit in support of its motion for summary judgment.

Had the trial court construed the contract without the stricken language, the following cases would be applicable. In *Goldman* v. *Ecco-Phoenix Elec. Corp.*, 62 Cal.2d 40, 44 [41

Cal.Rptr. 73, 396 P.2d 377], the court said: "Since we hold that the obligation to indemnify a party against his own negligence will not be imposed in this case in the absence of language which itself compels such a result, parol evidence as to the intent of the parties would not effectuate such liability.

In the area of *implied* indemnity one who 'personally participates in an affirmative act of negligence, or is physically connected with an act or omission by knowledge or acquiesence in it on its part, or fails to perform some duty in connection with the omission which he may have undertaken by virtue of his agreement' cannot obtain indemnification. [Citation.]

"Although the cases have held that one may provide by agreement for indemnification against his own negligence [citations], the agreement for indemnification must be clear and explicit; the agreement must be strictly construed against the indemnitee. In view of the general rule that an implied indemnity does not reach to protect the indemnitee from a loss to which his negligence has contributed, we must look at least for an express undertaking in the document that he is to do so. If one intends to more than merely incorporate the general rule into the written document, he will be required to fix the greater obligation in specific terms. And the extent of the purported indemnitor's liability must be determined from an objective assessment of the language of the instrument."

In *Vinnell Co.* v. *Pacific Elec. Ry. Co.,* 52 Cal.2d 411, 415-417 [340 P.2d 604], the court said: " '[W]here the parties fail to refer expressly to negligence in the contract such failure evidences the parties' intention not to provide for indemnity for the indemnitee's negligent acts.' (Anno., 175 A.L.R. 8.)

". . . The courts have consistently adopted the position that indemnification clauses are to be strictly construed against the indemnitee in cases involving affirmative acts of negligence on his part.

" . . . . . . . . . . . .

"Both by precedent and good reason, if an indemnitor such as the plaintiff is to be made responsible for the negligent acts of an indemnitee over whose conduct it has no control, the language imposing such liability should do so expressly and unequivocally so that the contracting party is advised in definite terms of the liability to which it is exposed.

"The indemnification clause in the present case, by not

expressly stating that the defendant was protected against acts of its own negligence, failed to meet this requirement.''

In *King* v. *Timber Structures, Inc.*, 240 Cal.App.2d 178, 181-182 [49 Cal.Rptr. 414], the court said: "1. If the contract of indemnification specifically agrees to protect and reimburse the indemnitee even if he becomes actively negligent, the agreement will be enforced. [Citations.] . . .

''2. Absent such a provision as is described in 1, the indemnitee may recover on his contract even if he were negligent, provided his negligence is of the passive kind. [Citations.]

''3. But, absent such a contract as in 1, if the indemnitee has been negligent and his negligence is active, he may not recover on his contract of indemnity. [Citations.]

''The difference between the two kinds of negligence is simply that one is passively negligent if he merely fails to act in fulfillment of a duty of care which the law imposes on him; in this case, the duty of a general contractor. One is actively negligent if he participates in some manner in the conduct or omission which caused the injury. [Citation.] The indemnitee may not then recover even though the indemnitor's negligence was the greater. [Citation.] It is the character of the negligence and not its degree which is determinative. [Citation.] When it is established that plaintiff (or cross-complainant) was responsible for the active negligence of one of its employees, which was at least *one* of the proximate causes of the accident, the right of indemnity is foreclosed. [Citation.]''

In *Cahill Bros., Inc.* v. *Clementina Co.*, 208 Cal.App. 2d 367, 382 [25 Cal.Rptr. 301], the court said: "The thrust of these cases is that if the person seeking indemnity personally participates in an affirmative act of negligence, or is physically connected with an act or omission by knowledge or acquiescence in it on his part, or fails to perform some duty in connection with the omission which he may have undertaken by virtue of his agreement, he is deprived of the right of indemnity. In other words, the person seeking indemnity cannot recover if his negligence is active or affirmative as distinguished from negligence which is passive. The courts of this state now recognize the distinction between active and passive negligence in holding that in the absence of *express agreement* for such indemnification the indemnitee may not recover from the indemnitor where he has been actively or affirmatively negligent. (*Harvey Mach. Co.* v. *Hatzel Buehler, Inc.*, 54 Cal.2d 445 [6 Cal.Rptr. 284, 353 P.2d 924] ; *Safeway*

*Stores, Inc.* v. *Massachusetts Bonding & Ins. Co.,* 202 Cal. App.2d 99 [20 Cal.Rptr. 820].)'' (Italics added.)

▇▇ After the cause was argued, counsel called this court's attention to Civil Code, section 2782, enacted in 1967, which provides that: ''All provisions, clauses, covenants, or agreements contained in, collateral to, or affecting any construction contract which purport to indemnify the promisee against liability for damages for (a) death or bodily injury to persons, (b) injury to property, (c) design defects or (d) any other loss, damage or expense arising under either (a), (b), or (c) from the sole negligence or willfull misconduct of the promisee or the promisee's agents, servants or independent contractors who are directly responsible to such promisee, are against public policy and are void and unenforceable. . . .''

Upon this court's request supplemental memoranda were filed on the question of whether or not section 2782 is to be applied retroactively.

It is specifically provided in Civil Code, section 3, that no part thereof is retroactive ''unless expressly so declared.'' (See also, Code Civ. Proc., § 3, Pen. Code, § 3.)

▇▇ Well established is the law that a statute is presumed to be prospective only in operation and will not be retroactively applied unless such intention clearly appears from the language of the statute itself. (*Wilke & Holzheiser, Inc.* v. *Department of Alcoholic Beverage Control,* 65 Cal.2d 349, 371 [55 Cal.Rptr. 23, 420 P.2d 735]; *DiGenova* v. *State Board of Education,* 57 Cal.2d 167, 172-175 [18 Cal.Rptr. 369, 367 P.2d 865]; *People* ex rel. *City of Bellflower* v. *Bellflower County Water Dist.,* 247 Cal.App.2d 344, 351 [55 Cal.Rptr. 584].) This is true even though the statute were to be held to be remedial in nature (*State of California* v. *Industrial Acc. Com.,* 48 Cal.2d 355, 361-362 [310 P.2d 1]), which we do not so hold.

▇▇ Prior to the enactment of section 2782 a provision in an indemnity contract that the contractor be indemnified against its own negligence by a subcontractor was not against public policy. (*Goldman* v. *Ecco-Phoenix Elec. Corp., supra,* 62 Cal.2d at pp. 48-49; *John E. Branagh & Sons* v. *Witcosky,* 242 Cal.App.2d 835, 837-841 [51 Cal.Rptr. 844]; *Baldwin Contracting Co.* v. *Winston Steel Works, Inc.,* 236 Cal.App.2d 565, 577 [46 Cal.Rptr. 421].) ▇▇ If a contract conforms to the public policy of the state when made, a subsequent change in public policy will not nullify the contract. (*Ste-*

*phens* v. *Southern Pac. Co.,* 109 Cal. 86, 95 [41 P. 783, 50 Am.St.Rep. 17, 29 L.R.A. 751].)

We conclude that this section is prospective.

Under the authority of *Goldman, Vinnell* and *Cahill, supra,* we hold that the contract of indemnity does not specifically agree to protect and reimburse Ferguson if it becomes actively negligent. This being the case, Ferguson may recover only if its negligence is the passive kind. When summary judgments were granted the question of Ferguson's negligence and its degree, to wit, active or passive, had not been determined. Thus an issuable fact remained to be tried.

Since the judgment of the trial court must be reversed for the reasons stated, we need not consider the question of the sufficiency of the affidavit in support of the motion for summary judgments.

The summary judgments are reversed.

Pierce, P. J., and Friedman, J., concurred.

A petition for a rehearing was denied May 22, 1968, and respondent's petition for a hearing by the Supreme Court was denied June 19, 1968.