Opinion
 

 BUTTERMORE, J.
 
 *
 

 Appellants William Dickson Heyenga and Raymond Pulsipher, police officers for respondent, City of San Diego, appeal an order denying a preliminary injunction which would have prevented their transfer from the northern to the central division of the police department. They alleged the transfer constituted a violation of their freedom of association rights guaranteed by the First Amendment of the federal Constitution and article I, section 3 of the state Constitution. They
 
 *758
 
 asserted the transfer was proposed because they had invoked their procedural rights under the Public Safety Officers Procedural Bill of Rights (Gov. Code, § 3300 et seq.) and, as such, was a “punitive transfer” which is forbidden under that law. They now urge the trial court abused its discretion by denying the preliminary injunction.
 

 We need not decide whether the recently enacted “Bill of Rights” for public safety officers is binding on a chartered city. For our purposes, we treat the statute as binding on the City of San Diego because its terms were incorporated into the collective bargaining
 
 agreement
 
 covering the relevant period herein.
 

 While off duty, appellants became involved in a minor incident at a local pub. An internal investigation by the police department exonerated Heyenga. The investigation of Pulsipher was pending when the transfer order was issued.
 

 The hearing on appellants’ application for a preliminary injunction included an offer of proof and numerous affidavits which generated a disputed issue of fact as to whether the transfer of appellants from northern to central was a “transfer for purposes of punishment.”
 

 Government Code section 3304, subdivision (b), provides: “No punitive action . . . shall be undertaken by any public agency without providing the public safety officer with an opportunity for administrative appeal.”
 

 Government Code section 3303, in part provides: “For the purpose of this chapter, punitive action is defined as any action which may lead to dismissal, demotion, suspension, reduction in salaiy, written reprimand, or transfer for purposes of punishment.”
 

 Thirty affidavits in essentially identical language by officers assigned to the northern division were filed on behalf of appellants. They stated departmental policy guaranteed a one-year minimum of service without transfer to officers assigned to the northern division. They alleged no patrolman had been transferred from that division absent his request or promotion. They stated: “The facts in the Hayenga and Pulsipher transfer are not in alignment with the Department’s normal transfer procedures as I understand them.” Counsel for appellants filed an affidavit detailing resistance by appellants’ superiors to attempted invocation of procedural rights provided by statute.
 

 
 *759
 
 Respondent city offered the affidavit of Veon Nyhus, deputy chief of police, which outlined his experience and current duties, including making personnel assignments and transfers between substations within the patrol bureau. The affidavit stated: “I know Officer William Heyenga and Officer Raymond Pulsipher to be average officers with the potential for future advancement in the Department. In January, I became aware of their involvement in certain off-duty conduct while they were present in a local bar called the Hearth House Lounge in San Diego. I am also aware of other conduct involving these officers that led me to conclude that a transfer to the Central Patrol Division, where additional supervisory support and a more restricted geographic area are available, would be in the best interests of both the officers and the Department. The officers would benefit by virtue of the fact that their police careers would be enhanced by rotation to an area where closer supervision is available. The Department would benefit by rotating the officers before a future confrontation resulted in actual punitive disciplinary action having to be taken against the officers.” While Chief Nyhus’ affidavit further stated the transfers were not intended to be punitive, it is apparent they came about because of appellants’ alleged off-duty conduct. Looking through form to substance, a prima facie showing of punitive action was made in the trial court.
 

 In denying the preliminary injunction, the trial judge stated: “The plaintiff’s contention that their transfers were punitive in nature is, at this time, based solely on conjecture and speculation. If said contention is substantiated by competent evidence later in these proceedings, the plaintiffs have an adequate remedy for redress of their alleged grievances through the appellate mechanism and the ‘Public Safety Officers Procedural Bill of Rights Act’.”
 

 An appellate court will reverse the denial of a preliminary injunction only if it finds an abuse of discretion by the trial judge
 
 (Weingand
 
 v.
 
 Atlantic Sav. & Loan Assn.,
 
 1 Cal.3d 806, 820 [83 Cal.Rptr. 650, 464 P.2d 106];
 
 Continental Baking Co.
 
 v.
 
 Katz,
 
 68 Cal.2d 512 [67 Cal.Rptr. 761, 439 P.2d 889]). The test on review balances two factors: “(a) whether . . . greater injury will result to a defendant from granting a preliminary injunction . . . than to a plaintiff from its refusal and (b) whether there is a reasonable probability the plaintiff will ultimately prevail in the litigation”
 
 (San Francisco Police Officers Assn.
 
 v.
 
 City & County of San Francisco,
 
 69 Cal.App.3d 1019, 1022 [138 Cal.Rptr. 755]).
 

 
 *760
 
 Appellants sought to restrain their transfer pending trial or until the city provided them with an administrative appeal in compliance with their collective bargaining agreement. Little harm, if any, can result to the City of San Diego by delaying the transfer. The possibility of harm is within the power of the city to eliminate by granting the hearing without delay. To disallow appellants their provisional remedy is tantamount to divesting them of any remedy at all. Their ultimate success at trial will indeed be a hollow victory if it then is determined their transfer a year or two before violated their procedural rights.
 

 The assertion by respondent that it was in the public interest not to grant the preliminary injunction does not comport with the Legislature’s finding and declaration. Section 3301 provides in part: “The Legislature . . . finds and declares that effective law enforcement depends upon the maintenance Of stable employer-employee relations, between public safety employees and their employers.” Granting the preliminary injunction in this case would have served to promote stable employer-employee relations.
 

 Because the right to an administrative appeal is part of their collective bargaining agreement, we conclude the likelihood of appellants’ prevailing at trial is great. The administrative appeal referred to in the statute is not defined. However, section 129 of the Charter of the City of San Diego provides for a hearing by the civil service commission when employees in classified service are terminated or suspended. An established procedure exists for conducting such hearings and could easily be applied here. We find the trial judge abused his discretion in denying the petition for a preliminary injunction.
 

 The order is reversed.
 

 Brown (Gerald), P. L, and Staniforth, J., concurred.
 

 *
 

 Assigned by the Chairperson of the Judicial Council.