[Civ. No. 59372. Second Dist., Div. One. Mar. 9, 1981.]

GREGORY M. BUTLER et al., Plaintiffs and Appellants, v.
COUNTY OF LOS ANGELES et al., Defendants and Respondents.

COUNSEL

Sheldon T. Allen and James R. Tweedy for Plaintiffs and Appellants.

[Mar. 1981]

John H. Larson, County Counsel, and Steven L. Houston, Deputy County Counsel, for Defendants and Respondents.

## OPINION

**AUBRY, J.*—**This matter is before this court by way of appeal from an order denying application for preliminary injunction.

Appellants, Los Angeles County Deputy Sheriffs, are plaintiffs in an action in which they claim their transfers from patrol duty to stationary duty at the county jail were punitively motivated by the employer.

When appellants filed their complaint initiating this action, they secured an order to show cause in respect to preliminary injunction. The order to show cause defines the issue in this appeal; it specifies the relief plaintiffs sought to obtain pending trial of the case on the merits —namely, an order that would have (1) restrained defendants from transferring plaintiffs from patrol duty to county jail custody assignments without first providing plaintiffs with the reason for the transfers and with an opportunity to appeal the decisions resulting in the transfers, and (2) ordered defendants to reinstate plaintiffs to their former patrol positions.

In the complaint, which names the County of Los Angeles, its sheriff and certain of his deputies as defendants, it is alleged that plaintiffs were involuntarily, wrongfully and unlawfully transferred to the jail; that all of them (except Gary Lee Sheldon) were so transferred in connection with alleged improper conduct and have, since the transfers were made, initiated a grievance pursuant to provisions of a collective bargaining agreement between the county and a deputy sheriffs' bargaining association; that Sheldon, in August 1979, initiated a grievance to secure administrative review of discipline that had been imposed against him and that in September 1979 he was transferred to jail duty; and that all the transfers were intended to be and were in fact punitive in nature and violated plaintiffs' rights under the Public Safety Officers Procedural Bill of Rights (Gov. Code, § 3300 et seq.).

On the date (Nov. 2, 1979) that the hearing on the order to show cause was held, each plaintiff's administrative grievance was being

---

*Assigned by the Chairperson of the Judicial Council.

processed in accordance with the collective bargaining agreement and sheriff department internal procedures.

In their brief on appeal, plaintiffs acknowledge that all such grievance procedures have been completed and they state they do not contend administrative remedies were not available. Their dissatisfaction stems from the fact they were not allowed to pursue and complete those remedies *before* the transfers were made. Their contention is that a punitive transfer made prior to exhaustion of administrative remedies results in deprivation of an opportunity for administrative appeal.

What they seek from this court is an interpretation of Government Code section 3304, subdivision (b).

Plaintiffs' request for interpretation of a statute—in effect, a declaration of rights of all those persons who come within the statute's purview—reflects the state of the facts which show that the controversy is moot insofar as the litigants now before the court and the issue framed by plaintiffs are concerned. At the time the preliminary injunction was sought, the transfers had already been made. Since, at the present time, all administrative remedies plaintiffs had sought to obtain have been granted, injunctive relief of the kind requested is no longer possible.

■ The first question is whether the appeal should be dismissed on account of mootness.

"It is now established law that where...issues on appeal affect the general public interest and the future rights of the parties, and there is reasonable probability that the same questions will again be litigated and appealed, an appellate court may, although the appeal be subject to dismissal, nevertheless adjudicate the issues involved. [Citations.]" (*People* v. *West Coast Shows, Inc.* (1970) 10 Cal.App.3d 462, 468 [89 Cal.Rptr. 290]; also see 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, §§ 211, 462, 464(b), 468-470.)

It requires little imagination to see that the fact situation and the same legal issue—occurring at a low level of visibility and terminating before the litigants can reach the appellate courts—will indeed repeat themselves. (*Johnson* v. *Hamilton* (1975) 15 Cal.3d 461, 465 [125 Cal.Rptr. 129, 541 P.2d 881]; *Green* v. *Superior Court* (1974) 10 Cal.3d 616, 622, fn. 6 [111 Cal.Rptr. 704, 517 P.2d 1168].) Therefore,

we consider it appropriate not to sidestep but to determine the case, and thereby provide trial courts and litigants in the future with definitive guidance on the question.

The one substantive question for resolution under the statute is whether, when it is proposed by the employer to transfer a peace officer as discipline, and the officer initiates an administrative appeal, that appeal must be completed before the transfer is made.

It is provided in subdivision (b) of Government Code section 3304[1] that "[n]o punitive action . . . shall be undertaken by any public agency without providing the public safety officer with an opportunity for administrative appeal." Section 3303 defines "punitive action" to include "any action which may lead to dismissal, demotion, suspension, reduction in salary, written reprimand, or transfer for purposes of punishment."

The sole authority on which plaintiffs rely for their contention that they should have been permitted to exhaust the administrative appeal before being transferred, is *Heyenga* v. *City of San Diego* (1979) 94 Cal.App.3d 756 [156 Cal.Rptr. 496]. That case, however, is readily distinguishable in one critical aspect—namely, the city in *Heyenga* refused entirely to extend to the police officers any means of administratively challenging the transfers which the officers contended were punitive. Such refusal clearly was a violation of the provision of section 3304, subdivision (b), that peace officers be given at some time the opportunity of pursuing an administrative appeal, since the city in *Heyenga* had refused to allow the police officers an appeal from the transfers even though the city had an established appeal procedure. The appellate court, applying the traditional standard for review of a trial court's denial of preliminary injunction, concluded that, in the circumstances, denying the injunctive relief was tantamount to total deprivation of remedy for the officers. (94 Cal.App.3d 756, 759-760.) In the instant case, plaintiffs do not allege that defendants have at any time refused to conduct an administrative appeal under the statute or under the collective bargaining agreement. Indeed, as they have conceded in their brief, the appeal process has run its course.

The holding in *Heyenga* is, not that administrative appeal must be completed before a peace officer may be transferred, but only that in-

---

[1]Hereinafter, unless otherwise stated, all section references will be to the Government Code.

junctive relief will issue to restrain transfer of an officer who has been refused an administrative appeal—i.e., one who has been accorded no right of appeal or who has been prevented by the employer from pursuing appeal. That is an eminently fair and correct result, since it is the only manner in which a recalcitrant employer will be moved to implement the statutory provision by actually establishing an appeal procedure (if no applicable one previously existed) or according the officer access thereto when an appeal procedure is already in existence.

Does the statutory language support the plaintiffs' contention and indicate that no transfer action may be taken against peace officers before an appeal is concluded? One might maintain that the phrase "without providing the. . .officer with an opportunity for administrative appeal" is ambiguous. But if it were the Legislature's purpose that the appeal be completed before punitive action is implemented, rather than to provide that within some reasonable period of time following a disciplinary decision the aggrieved officer be allowed to pursue an appeal, it would have been quite simple for the Legislature to so state.

In the absence of prior case law under the statute, we find guidance in the ordinary meaning of the statute's language and in an analogous area of case law.

■ It is a cardinal rule of statutory interpretation that, in the process of determining legislative intent, resort first be had to the language of the statute itself. (*Gillett-Harris-Duranceau & Associates, Inc.* v. *Kemple* (1978) 83 Cal.App.3d 214, 219-220 [147 Cal.Rptr. 616]; *People* v. *Moreland* (1978) 81 Cal.App.3d 11, 23 [146 Cal.Rptr. 118]; *Hogya* v. *Superior Court* (1977) 75 Cal.App.3d 122, 132 [142 Cal.Rptr. 325].) But nothing in subdivision (b) of section 3304 explicitly refers to a time element; the statute is silent as to the time at or within which an appeal must be taken or processed. Nor is there anything about the word *provide* which bespeaks or connotes time, likewise, is neutral in respect to time.

Employees frequently assert a right not to be fired while a grievance they have filed is pending resolution. Our courts, however, have consistently held that such a circumstance may not be invoked to avoid a discharge.[2] In *Bussey* v. *Los Angeles County Civil Service Com.* (1977)

---

[2]This is a question different than the issue of a public employee's right to compensation until due process rights of the employee have been implemented. (See, e.g., *Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194 [124 Cal.Rptr. 14, 539 P.2d 774].)

72 Cal.App.3d 912, 922-923 [140 Cal.Rptr. 394], the court noted that due process does not prohibit the firing of an employee while a grievance is pending since "such a rule would permit an employee to stave off discharge forever, by filing and pursuing an endless chain of grievances. Rather, . . . all that . . . [is required] is the 'right to respond . . . to the authority initially imposing discipline.' ([*Skelly* v. *State Personnel Bd.*] 15 Cal.3d at p. 215.) Petitioner was afforded this opportunity, and . . . an opportunity to . . . and did, raise all her grievances." (Also see Elkouri & Elkouri, How Arbitration Works (3d ed.) pp.154-155, stating the rule that the filing of an administrative appeal does not authorize an employee to refuse a change of assignment pending completion of the administrative procedures.)

■ We conclude that subdivision (b) of section 3304 requires a public agency to make available to public safety officers an administrative appeal as a vehicle by which review of punitive actions may be had but the appeal need not be completed prior to implementation of a punitive action.

■ We now look to the standard of review for determining whether a trial court abuses its discretion in granting or denying application for preliminary injunction. "An appellate court will reverse the denial of a preliminary injunction only if it finds an abuse of discretion by the trial judge (*Weingand* v. *Atlantic Sav. & Loan Assn.*, 1 Cal.3d 806, 820 . . .; *Continental Baking Co.* v. *Katz*, 68 Cal.2d 512 . . .). The test on review balances two factors: '(a) whether . . . greater injury will result to a defendant . . . from its refusal and (b) whether there is a reasonable probability the plaintiff will ultimately prevail in the litigation' (*San Francisco Police Officers Assn.* v. *City & County of San Francisco*, 69 Cal.App.3d 1019, 1022 . . .)." (*Heyenga* v. *City of San Diego, supra*, 94 Cal.App.3d 756, 759.)

The likelihood of appellants' prevailing on their contention that the statute requires a pretransfer administrative appeal was not only not great, it was nonexistent. There was no abuse of discretion in the trial court's order denying preliminary injunction. That order is affirmed.

Spencer, P. J., and Lillie, J., concurred.