OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

| | |
|---|---|
| OPINION | : |
| | :      No. 90-503 |
| of | : |
| | :      <u>DECEMBER 26, 1990</u> |
| JOHN K. VAN DE KAMP | : |
| Attorney General | : |
| | : |
| ANTHONY S. DaVIGO | : |
| Deputy Attorney General | : |
| | : |

THE HONORABLE TERRY B. FRIEDMAN, Member of the California State Assembly, has requested an opinion on the following question:

What is the meaning of the phrase "accessible right-of-way" for purposes of the requirement that service stations provide public restrooms for their customers?

CONCLUSION

An "accessible right-of-way" for purposes of the requirement that service stations provide public restrooms for their customers means that portion of an interstate or primary highway where vehicular traffic is authorized to enter such highway from the general road system of the state or where vehicular traffic is authorized to enter the general road system of the state from such highway.

ANALYSIS

Business and Professions Code section 13651[1] provides:

"(a) On and after January 1, 1985, every service station in this state shall provide, during operating hours, water, compressed air, and a gauge for measuring air pressure, to the public for use in servicing any passenger vehicle, as defined in Section 465 of the Vehicle Code, or any commercial vehicle, as defined in Section 260 of the Vehicle Code, with an unladen weight of 6,000 pounds or less.

"(b) (1) On and after January 1, 1990, every service station in this state located within 660 feet of an <u>accessible right-of-way</u> of any interstate or primary highway, as defined in Sections 5215 and 5220, shall provide, during business hours,

---

[1]All references hereafter to the Business and Professions Code are by section number only.

public restrooms for use by its customers. Service stations shall not charge customers separately for the use of restroom facilities.

"(2) The public restroom shall not be temporary or portable but shall be permanent and shall include separate facilities for men and women, each with toilets and sinks suitable for use by the handicapped in accordance with Section 19955.5 of the Health and Safety Code and Title 24 of the California Code of Regulations and shall be maintained in a clean and sanitary manner.

"(3) This subdivision shall not apply to service stations which are operational prior to January 1, 1990, and which would be obligated to construct permanent restroom facilities to comply with this subdivision.

"(4) For the purposes of this subdivision, `customer' means a person who purchases any product available for sale on the premises of the service station, including items not related to the repairing or servicing of a motor vehicle." (Emphasis added.)[2]

The present inquiry concerns the meaning of the phrase "accessible right-of-way" as it is used in section 13651, subdivision (b)(1). What did the Legislature intend when it adopted this language to signify the location from which the distance of 660 feet is to be calculated?

We commence with the interpretive precept that a statute must be given a reasonable and common sense construction consistent with the apparent purpose and intention of the lawmakers, practical rather than technical in nature, which, upon application, will result in wise policy rather than mischief or absurdity. (*San Diego Union* v. *City Council* (1983) 146 Cal.App.3d 947, 954; *United Business Comm.* v. *City of San Diego* (1979) 91 Cal.App.3d 156, 170.) Such matters should be considered as context, the object in view, the evils to be remedied, the history of the times and of legislation on the same subject, public policy, and contemporaneous construction. (*San Diego Union* v. *City Council, supra*; *Alford* v. *Pierno* (1972) 27 Cal.App.3d 682, 688.) In accordance with the general rule that legislative records may be examined to determine legislative intent (*Maben* v. *Superior Court* (1967) 255 Cal.App.2d 708, 712; 68 Ops.Cal.Atty.Gen. 324, 328 (1985)), it may be presumed that the Legislature adopted the proposed legislation with the intent and meaning expressed in committee reports (*Southland Mechanical Construction Corp.* v. *Nixen* (1981) 119 Cal.App.3d 417, 427; 67 Ops.Cal.Atty.Gen. 118, 119, n. 5 (1984)).

A "right-of-way" refers to "the strip of land devoted to or over which is built a public road." (Webster's New Internat. Dict. (3d ed. 1966) p. 1956; see Cal. Code Regs., tit. 4, § 2405; 20 Ops.Cal.Atty.Gen. 205, 207 (1952).) A "highway" has been defined by the Legislature as including "roads, streets, boulevards, lanes . . . . or other rights-of-way or easements used for or laid out and intended for the public passage of vehicles . . . ." (§ 5213; see also Sts. & Hy. Code, § 23

---

[2]A "service station" is "any establishment which offers for sale or sells gasoline or other motor vehicle fuel to the public." (§ 13650.) An "interstate highway" is defined in section 5215 as "any highway at any time officially designated as a part of the national system of interstate and defense highways by the director and approved by appropriate authority of the federal government." A "primary highway" is defined in section 5220 as "any highway, other than an interstate highway, at any time officially designated as a part of the federal-aid primary system by the director and approved by appropriate authority of the federal government." The "director" is the Director of Transportation. (§ 5209.)

["'highway' includes bridges . . . and all works incidental to highway construction, improvement . . . ."].)

A "controlled access highway" is a "freeway" so designated by the Director of Transportation "in respect to which the owners of abutting lands have no right or easement of access to or from their abutting lands or in which such owners have only limited or restricted right or easement of access." (Sts. & Hy. Code, § 23.5.) Normally on-ramps are provided in limited locations "by which traffic may enter the main-traveled way of an Interstate highway from the general road system of this State" and off-ramps are provided "by which traffic may leave the main-traveled way of an Interstate highway to reach the general road system of this State." (Cal. Code Regs., tit. 4, § 2301, subds. (e), (g).)

In this context "access" means the "ability to . . . pass to or from." (Webster's New Internat. Dict., *supra*, p. 11; see 73 Ops.Cal.Atty.Gen. 117, 121 (1990) ["We interpret the `right of access by vehicles' to mean the existence of a path between the highway and the contiguous property of sufficient width to permit the passage of motor vehicles without obstruction"].) The term "accessible" is commonly defined as "capable of being used as an entrance." (Webster's New Internat. Dict., *supra*, p. 11.) Here the "accessible right-of-way *of* a . . . highway" in section 13651 is non-specific in terms of direction. An on-ramp allows entry to the interstate or primary highway, while an off-ramp allows entry to the general road system of the state. Both on-ramps and off-ramps are constituent parts of the interstate or primary highway providing "access." Hence, the "accessible right-of-way" would be that portion of such a highway where vehicles are authorized to enter the highway from the general road system of the state or where vehicles may enter the general road system of the state from the highway.

The public restrooms requirement of sections 13650-13653 is based upon where public restrooms would be most useful to motorists traveling on an interstate or primary highway. As stated in the Senate Rules Committee report at the time the statutory language was adopted, "This bill requires service stations located in close proximity to highways to provide, during business hours, public restrooms for use by customers" and "according to proponents, it is the responsibility of service stations to provide clean, unlocked public restrooms as a courtesy to motorists based on a cost which is inherent in the nature of their business." Service stations with "customers" traveling on an interstate or primary highway would be those located near where the motoring public may either enter or leave such highways. The 660 feet distance for purposes of section 13651 is calculated from the junction of the interstate or primary highway and the general road system of the state where access to or from is authorized. No other interpretation of the phrase "accessible right-of-way" produces a reasonable and common sense result.

It is concluded, therefore, that an "accessible right-of-way" for purposes of the requirement that service stations provide public restrooms for their customers means that portion of an interstate or primary highway where vehicular traffic is authorized to enter such highway from the general road system of the state or where vehicular traffic is authorized to enter the general road system of the state from such highway.

\* \* \* \* \*