[Civ. No. 39608. Second Dist., Div. Two. Feb. 27, 1973.]

AGNES D. FAUGHT, Plaintiff and Appellant, v.
ARDON McGINNIS FAUGHT, Defendant and Respondent.

[Civ. No. 40743. Second Dist., Div. Two. Feb. 27, 1973.]

In re Marriage of AGNES D. FAUGHT and
ARDON McGINNIS FAUGHT.

ARDON McGINNIS FAUGHT, Respondent, v.
AGNES D. FAUGHT, Appellant.

(Consolidated Appeals.)

876

## COUNSEL

N. E. Youngblood for Appellant.

Anderson, Adams & Bacon and Chester B. Anderson for Respondent.

## OPINION

**FLEMING, J.**—In March 1969 Agnes Faught secured a decree of separate maintenance from her husband Ardon. The decree awarded her $100 monthly spousal support to run to July 1971, but did not reserve jurisdiction in the court to extend the period of support. In May 1971 Agnes sought an increase and extention of spousal support, a request the court dismissed in July 1971 for lack of jurisdiction. Meanwhile in June 1971 Ardon initiated a separate action for dissolution of the marriage, to which Agnes responded with another request for spousal support. In November 1971 the dissolution court denied spousal support to Agnes on the ground of former adjudication and entered an interlocutory judgment dissolving the marriage.

Agnes has appealed the denial of further spousal support in both the separate maintenance proceeding and in the dissolution action. She has also appealed the interlocutory judgment of dissolution, contending the court lacked jurisdiction to dissolve the marriage at a time her appeal in the separate maintenance proceeding was pending.

We find her contentions without merit.

1. In the separate maintenance proceeding the court properly denied Agnes' request to extend spousal support beyond July 1971. Former Civil Code section 139.7 (now Civ. Code, § 4801, subd. (d)), in effect

at the time the separate maintenance decree was entered, declared: "An order for payment of an allowance for support . . . shall terminate at the end of the period specified in the order and shall not be extended unless the court in its original order retains jurisdiction." The decree did not retain jurisdiction in the court to extend the period of spousal support, and under the statute the court lacked authority to grant Agnes' request. (See *Dahlstet* v. *Dahlstet,* 272 Cal.App.2d 174, 178-179 [77 Cal.Rptr. 45].)

2. ■ The court in the dissolution action correctly rejected Agnes' request for spousal support, for that issue had been conclusively adjudicated in the prior separate maintenance proceeding. Separate maintenance (now legal separation) is essentially a device to determine and settle the spouses' financial responsibilities to one another and to their minor children. While the law may once have been to the contrary (cf. *Monroe* v. *Superior Court* (1946) 28 Cal.2d 427 [170 P.2d 473]), a decree of separate maintenance now operates as a final adjudication of such financial aspects of the matrimonial relationship as spousal support, division of community property, and settlement of property rights, and to the extent the decree deals with such matters it is conclusive. (Civ. Code, §§ 4540, 4800, 4801.) At bench, the issue of spousal support had been resolved by the prior separate maintenance decree, and only the marital status of the parties remained to be determined in the dissolution action. Under the concept of divisible divorce, financial responsibility and marital status may be separately litigated at different times and in different forums. Unresolved litigation on one aspect of the matrimonial relationship will not upset an adjudication of another aspect that has gone to final judgment. Ardon's initiation of an action to change the marital status of the parties did not empower Agnes to reopen the issue of spousal support that had been adjudicated two years earlier. (See *Hull* v. *Superior Court,* 54 Cal.2d 139, 147-148 [5 Cal.Rptr. 1, 352 P.2d 161].)

3. ■ The court in the dissolution action did not lose its authority to proceed with dissolution of the marriage because of Agnes' pending appeal from the denial of spousal support in the separate maintenance proceeding. Under Code of Civil Procedure, section 916, subdivision (a), an appeal stays proceedings in the trial court only with respect to the judgment or order appealed from and matters embraced therein. The action for dissolution did not involve matters at issue in the separate maintenance proceeding, and Ardon was entitled to proceed with his petition for dissolution of the marriage, irrespective of the ruling on Agnes' request for further spousal support. This conclusion is implicit in the statute that says: "A judgment decreeing the legal separation of the

parties shall not bar a subsequent judgment decreeing the dissolution of the marriage rendered pursuant to a petition for dissolution filed by either party." (Civ. Code, § 4508, subd. (b).) Were the law as asserted by appellant, a spouse could postpone indefinitely the dissolution of a marriage by repeated requests for modification of spousal support followed by repeated appeals from the rulings on the requests.

The appeal from the order in the separate maintenance proceeding is dismissed. The judgment in the dissolution action is affirmed.

Roth, P. J., and Herndon, J., concurred.