[No. A085550. First Dist., Div. Five. Dec. 8, 1999.]

Estate of CLARENCE G. LAHEY, Deceased.
FRANCES LAHEY, Petitioner and Appellant, v.
DOROTHY BIANCHI, as Administrator, etc., Objector and Respondent.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976 and 976.1, this opinion is certified for publication, except for part II.

COUNSEL

Edward W. Suman for Petitioner and Appellant.

Cotter & Del Carlo and Richard A. Canatella for Objector and Respondent.

OPINION

JONES, P. J.—The question presented in this proceeding is whether a spouse who obtained a judgment of legal separation qualifies as a surviving spouse for purposes of intestate succession. We agree with the trial court that the decedent's widow here does not qualify as a surviving spouse. We affirm the judgment.

FACTUAL AND PROCEDURAL HISTORY

Frances Lahey and decedent Clarence G. Lahey were married in 1984; they separated in March 1995. In April 1995 Frances, acting in propria persona, petitioned for legal separation. She alleged that there were no known community debts or assets. She requested termination of the court's

jurisdiction to award spousal support to Clarence, and she gave up her own right to receive spousal support. Clarence's default was eventually entered, and in July 1995 a judgment for legal separation was filed, declaring as follows: "There are no children or items of community property subject to the disposition by this Court. Spousal support for Respondent is terminated by default. The Court's jurisdiction to award spousal support to either party is terminated."

In December 1996 Clarence died intestate survived by Frances and by his daughter from a prior marriage, Dorothy Bianchi, who was appointed administrator of his estate. Apparently the main estate asset consists of decedent's separate property residence at 237 Glenwood Avenue in Daly City. Frances filed a creditor's claim seeking her intestate share of the estate as the surviving spouse, but the claim was rejected by the administrator. She then filed the instant action alleging entitlement to one-half of the decedent's estate as the surviving spouse.[1]

After a court trial, the trial court concluded that Frances did not qualify by statute as the surviving spouse inasmuch as she had obtained a judgment resolving her marital property rights. Frances appeals.

DISCUSSION

## I. Judgment of Legal Separation

■ When a decedent dies intestate, the surviving spouse is entitled to a share of the community property belonging to the decedent and a share of the decedent's separate property. (Prob. Code, § 6401.) "Surviving spouse" is defined by statute to exclude a person whose marriage to the decedent was dissolved or annulled and also to exclude "[a] person who was a party to a valid proceeding concluded by an order purporting to terminate all marital property rights." (Prob. Code, § 78, subd. (d).)[2]

There is no question that Frances's marriage to the decedent had not been dissolved or annulled. A judgment of legal separation leaves the marriage bonds intact. (See Fam. Code, § 2347; *Faught* v. *Faught* (1973) 30 Cal.App.3d 875, 878 [106 Cal.Rptr. 751]; *Elam* v. *Elam* (1969) 2 Cal.App.3d

---

[1]Frances also alleged causes of action for negligent and intentional spoliation of evidence, based upon Bianchi's refusal to allow her access to the property to retrieve her own separate property. Bianchi's demurrer was sustained as to those causes of action.

[2]The surviving spouse may also waive her rights to take from the decedent's estate by entering into a written property settlement agreement. (Prob. Code, §§ 140-147; see *Estate of Smith* (1966) 241 Cal.App.2d 205, 209 [50 Cal.Rptr. 374].) No such agreement or waiver is involved in the present case.

1013, 1019-1020 [83 Cal.Rptr. 275].)[3] However, it is obvious that a surviving spouse for purposes of intestate succession is distinct from the legal wife or husband of the decedent. Probate Code section 78 excludes not only a spouse whose marital status has been terminated but also a spouse whose marital property rights have been terminated. The issue before us, then, is whether the judgment of legal separation constitutes an "order purporting to terminate all marital property rights" so as to disqualify Frances as the surviving spouse.

The concept of divisible divorce permits issues of marital status and financial responsibility to be litigated at separate times and in different forums. (*Faught* v. *Faught, supra,* 30 Cal.App.3d at p. 878.) As Frances acknowledges , a judgment of legal separation (formerly a decree of separate maintenance) is designed to resolve the financial issues between the parties, including division of community assets and liabilities and determination of support obligations. (See *Krier* v. *Krier* (1946) 28 Cal.2d 841 [172 P.2d 681]; *Faught* v. *Faught, supra,* 30 Cal.App.3d at p. 878.) A judgment for legal separation, however, is not an interim order. It serves as a final adjudication of the parties' property rights and is conclusive and res judicata even in a subsequent proceeding to dissolve the marriage.[4] (*Krier* v. *Krier, supra,* 28 Cal.2d 841; *Faught v. Faught, supra,* 30 Cal.App.3d at p. 878.)

Frances argues that her petition for legal separation sought only limited relief, and the judgment of legal separation cannot be read to exceed the relief prayed for. The Judicial Council form petition for legal separation includes several boxes to be checked to indicate, e.g., a request for confirmation of separate property assets and obligations, a request for spousal support, a request for termination of jurisdiction to award spousal support, and a request that property rights be determined. Frances did *not* check the box seeking a determination of property rights, nor did she check the box requesting confirmation of separate property. She checked only the box declaring that there were no community assets or liabilities and the box requesting termination of jurisdiction to award spousal support. Frances argues because she made no request in her petition that *all* property rights be

[3]The petition and judgment were for legal separation only. However, the clerk's notice of entry of judgment mistakenly contains a statement that the marital status terminated as of October 27, 1995.

[4]No issue is raised in this case concerning the court's continuing jurisdiction over property and support issues. The court has continuing jurisdiction to divide community assets or liabilities not previously adjudicated. (Fam. Code, § 2556.) However, Frances makes no assertion that any community assets were left unadjudicated by the legal separation decree. Moreover, unless the court terminates spousal support, the court retains jurisdiction over spousal support when the marriage was of long duration. (Fam. Code, § 4336.) Here, of course, the court terminated its jurisdiction to award future spousal support.

determined, the judgment was not a determination of *all* her marital property rights.

We reject the argument. Under the statutory scheme, the court in a legal separation proceeding must divide the known community assets and must characterize the parties' liabilities as community or separate. (Fam. Code, §§ 2550, 2551.) The court may also make orders for spousal support. (Fam. Code, § 4330.) Here, Frances's petition declared that there was no community property to divide, and the judgment for legal separation said the same. The judgment also terminated the rights of both parties to spousal support. That determination of the marital property rights was final and conclusive and served to terminate Frances's community property rights. There were no other property rights that could have been determined.

Frances contends that nothing in the judgment for legal separation adjudicated the parties' separate property and therefore she retained her rights to succeed to the decedent's separate property residence. This contention, however, ignores the import of Probate Code section 78.[5] That statute excludes from the definition of surviving spouse one whose *marital property* rights have been terminated. Nothing in the language or meaning of the statute requires in addition an express termination of *inheritance* rights, for the obvious effect of the statute itself is to terminate the inheritance rights of such a spouse.

II. *Exclusion of Evidence*

. . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed.

Haning, J., and Stevens, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 1, 2000.

---

[5]Frances's argument also mistakenly presupposes that the court would have had reason to confirm the decedent's house as his separate property. The court in a legal separation proceeding divides community property. (Fam. Code, § 2550.) Unless there is a dispute over whether a particular asset qualifies as community property, the court does not adjudicate separate property. Frances declared in her petition that there was no community property; she plainly recognized the house as decedent's separate property.